UNITED STATES, Appellee,

v.

Larry D. PAYTON, Private First Class
U.S. Marine Corps, Appellant.

No. 54036.

NMCM 85-0258.

U.S. Court of Military Appeals.

March 16, 1987.

For Appellant: Captain David C. Larson (argued); Martin E. Costello, Esq., and Lieutenant Timothy D. Persons (on brief); Lieutenant John B. Consevage.*

For Appellee: Lieutenant Blair E. Smircina (argued); Captain Carl H. Horst and Lieutenant P.J. Battin (on brief); Captain Wendell A. Kjos.*

*Opinion of the Court*

SULLIVAN, Judge:

Appellant was tried by general court-martial composed of a military judge alone in October 1984 at the Naval Legal Service Office, Subic Bay, Republic of the Philippines. Pursuant to his pleas, he was found guilty of conspiracy to possess marihuana with the intent to distribute and two specifications of possession of marihuana, in violation of Articles 81 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 934, respectively. He was sentenced to a bad-conduct discharge, confinement for 30 months, total forfeitures, and reduction to the lowest enlisted pay grade. The convening authority approved the sentence but suspended confinement in excess of 2 years in accordance with a pretrial agreement.

On May 15, 1985, appellant filed at the United States Navy-Marine Corps Court of

* All Military Counsel U.S.N.

Military Review an "Assignment of Errors and, In The Alternative, Motion to Remand." The error assigned for the first time before that court was:

## I

LIEUTENANT BOND'S AND LIEUTENANT COMMANDER NEUBAUER'S PROSECUTORIAL MISCONDUCT CONSTITUTED A DENIAL OF APPELLANT'S CONSTITUTIONAL RIGHT TO REPRESENTATION BY COUNSEL AND THEREFORE A DENIAL OF APPELLANT'S RIGHT TO DUE PROCESS AND A FAIR TRIAL.

Assuming that the Court of Military Review would not dismiss the charges without a showing of specific prejudice, appellant urged alternative action as follows:

IN THE ALTERNATIVE, THE CASE SHOULD BE REMANDED FOR FURTHER PROCEEDINGS IN THE NATURE OF A DUBAY [17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967)] HEARING.

To support his claim, appellant moved that the court permit affidavits from himself and trial defense counsel, *inter alia*, to be attached to the record of trial. He also moved that the record of trial in a subsequently tried companion case, *United States v. Carlson*, be attached to the record.[1] The Government moved that the court permit attachment of the affidavits of Lieutenant Bond, Captain Mitchell, and Lieutenant Commander Buechler, *inter alia*. All these motions were eventually granted. The Court of Military Review subsequently affirmed the findings of guilty and the sentence.

This Court specified the following issues of law:

## I

WHETHER THE INFORMATION PROVIDED BY THE ACCUSED TO HIS APPOINTED LEGAL REPRESENTATIVE FOR THE PURPOSE OF HIS DEFENSE IN A FOREIGN CRIMINAL TRIAL IS PROTECTED FROM DISCLOSURE TO THE REPRESENTATIVE OF THE GOVERNMENT APPOINTED TO TRY THE ACCUSED BY COURT-MARTIAL AFTER JURISDICTION IS WAIVED BY THE FOREIGN GOVERNMENT.

## II

WHETHER ANY ERROR ARISING FROM DISCLOSURE OF THAT INFORMATION WAS WAIVED BY APPELLANT'S PLEAS OF GUILTY.

The first specified issue is consistent with this Court's longstanding concern with the military attorney-client relationship in the military justice system. *See United States v. Brooks*, 2 M.J. 102 (C.M.A.1977); *United States v. Collier*, 20 U.S.C.M.A. 261, 43 C.M.R. 101 (1971); *United States v. Turley*, 8 U.S.C.M.A. 262, 24 C.M.R. 72 (1957); *United States v. McCluskey*, 6 U.S.C.M.A. 545, 20 C.M.R. 261 (1955); *United States v. Green*, 5 U.S.C.M.A. 610, 18 C.M.R. 234 (1955); *United States v. Marrelli*, 4 U.S.C.M.A. 276, 15 C.M.R. 276 (1954).

The Court of Military Review resolved the issue raised by appellant on the bases of evidence presented in a companion case, *United States v. Carlson*, and on affidavits submitted to it. It made clear, however, that it did not consider itself bound by the findings of fact reached by the military judge in that companion case or his ruling dismissing the charges against the co-accused Carlson. It also accepted as truthful the statements made by the affiants because there was no evidence of any motive to subvert justice. Perceiving a "diffuse"

---

1. There were three companion cases, *United States v. Markowich*, Dkt. No. 54,310; *United States v. Spurgeon*, Dkt. No. 54,228; *United States v. Clark*, Dkt. No. 54,214. We granted the petitions in these cases. 22 M.J. 338–39. They were guilty pleas and were tried before *United*

*States v. Carlson*, which was a contested case, and the military judge, after a hearing, dismissed the charges on the basis of Lieutenant Bond's conduct. *Carlson* is not before this Court for review.

appearance of impropriety in this case, it nonetheless affirmed on the basis that appellant waived any error that might have occurred or was not harmed. These conclusions were all grounded on its assessment of the materials presented to it including the affidavits.

It is conceded by the parties to this appeal that appellant made confidential statements concerning the charged offenses to Lieutenant Bond in his role as the military attorney handling jurisdictional negotiations with the Philippine Government. It is also conceded that Lieutenant Bond discussed these confidential communications with Lieutenant Commander Neubauer, his supervisor in the International Law Department of the Subic Bay Naval Legal Service Office. Finally, it is conceded that Lieutenant Bond's notes concerning these confidential communications were included in an International Law case file and subsequently ended up in the possession of Lieutenant King, the government representative at the Article 32 Investigation, 10 U.S.C. § 832, and Captain Mitchell, the trial counsel at appellant's court-martial.

On the other hand, several other matters concerning the specified issues are disputed by the parties to this appeal: First, to what extent Lieutenant Bond, who later was assigned as a trial counsel (not in this case), initiated or assisted the Naval Investigative Service in developing evidence for the prosecution of appellant at this court-martial; second, to what extent Lieutenant Bond assisted Lieutenant King in her pretrial development of a case against appellant; third, to what extent Lieutenant Commander Neubauer assisted Lieutenant King in her pretrial investigation of these offenses; fourth, to what extent Lieutenant King or Captain Mitchell relied on the notes contained in the International Law file or other disclosures related thereto to develop the prosecution's case against appellant.

■ In this context we are not inclined to find waiver of appellant's right to counsel and to due process simply because he pleaded guilty to the charged offenses.

Misapprehension of the strength and extent of the prosecution's case which is engendered by misrepresentation or other impermissible government conduct is a matter which clearly could impact on the voluntariness of the decision by appellant or his co-accuseds to plead guilty. *See Brady v. United States,* 397 U.S. 742, 757, 90 S.Ct. 1463, 1473, 25 L.Ed.2d 747 (1970); *Von Moltke v. Gillies,* 332 U.S. 708, 725–26, 68 S.Ct. 316, 324, 92 L.Ed. 309 (1948) (plurality opinion). Moreover, knowledge of appellant and his counsel of Lieutenant Bond's role as negotiator for the command in jurisdictional matters cannot by itself be a predicate for waiver where no clear indication of irregularity or compromise to the prosecution existed until after trial. *See generally McMann v. Richardson,* 397 U.S. 759, 766, 90 S.Ct. 1441, 1446, 25 L.Ed.2d 763 (1970). Finally, our past case law, noted above, clearly emphasizes the importance of the attorney-client relationship to the fairness, integrity, and public reputation of the military justice system. *Id.* at 767, 90 S.Ct. at 1447; *United States v. Stringer,* 4 U.S.C.M.A. 494, 16 C.M.R. 68 (1954). Accordingly, we conclude that the Court of Military Review erred in finding harmless error on either of these grounds.

■ The Court of Military Review also found harmless error on the basis of its purported finding of fact that the confidential communications did not find their way into the court-martial process, directly or indirectly, to a substantial degree. *See generally United States v. Brooks,* 2 M.J. at 105–06. We have examined the record of trial in this case and the various post-trial attachments and find inconsistencies and omissions in them. *See United States v. Dupas,* 14 M.J. 28, 32 (C.M.A.1982); *United States v. DuBay,* 17 U.S.C.M.A. at 149, 37 C.M.R. at 413. On the basis of such a record, we are not convinced beyond a reasonable doubt that appellant was not prejudiced at his court-martial. *See United States v. Vietor,* 10 M.J. 69, 78 (C.M.A. (1980) (Everett, C.J., concurring in the result); *United States v. Killebrew,* 9 M.J. 154, 162 (C.M.A. (1980). We emphasize

that our concern is with the fairness of the court-martial to which appellant was subjected, not the culpability, if any, of the military lawyers involved. *See Smith v. Phillips,* 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982); *United States v. Morrison,* 449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981). Accordingly, we deem further proceedings at the trial level to be appropriate in accordance with *United States v. DuBay, supra.*

The decision of the United States Navy-Marine Corps Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Navy for submission to an appropriate general court-martial authority. That authority may refer the record to a general court-martial for a limited hearing[2] on the matter in issue or, if he determines in his discretion that further proceedings are impracticable, dismiss the charges and forward an authenticated copy of his dismissal action to this Court. If a general court-martial is convened, the military judge, under the provisions of Article 39(a), UCMJ, 10 U.S.C. § 839(a), will conduct the limited hearing. At the conclusion of the proceedings, he will enter findings of fact and conclusions of law and then return the record and a verbatim transcript of the hearing directly to this Court. *United States v. Killebrew, supra* at 162.

Chief Judge EVERETT and Judge COX concur.

---

2. We will dispose of the companion cases in separate orders to be issued when this opinion becomes final. All these cases may be handled in a consolidated hearing.