**UNITED STATES, Appellee,**

v.

**Jeffrey A. MAYS, Private
U.S. Army, Appellant.**

No. 66,345.
CM 8903579.

U.S. Court of Military Appeals.

Argued Oct. 1, 1991.

Decided Dec. 9, 1991.

For Appellant: *Captain Michael W. Meier* (argued); *Robert P. Ging, Jr.* (on brief).

For Appellee: *Captain Steven M. Walters* (argued); *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Captain Timothy W. Lucas* (on brief); *Captain Kenneth H. Goetzke.*

*Opinion of the Court*

SULLIVAN, Chief Judge:

Appellant was tried by a general court-martial with members at Yongsan Military Reservation, Seoul, Korea, on November

17, 1989. Contrary[1] to his pleas, he was found guilty of wrongful distribution of marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. He was sentenced to a dishonorable discharge, confinement for 5 years, and total forfeitures. The Court of Military Review affirmed the findings and sentence on January 29, 1991, in an unpublished opinion.

This Court granted review on the following question of law:

WHETHER THE COURT OF MILITARY REVIEW ERRED IN ADMITTING AS AN EXHIBIT THE AFFIDAVIT OF TRIAL [DEFENSE] COUNSEL, WHERE THE AFFIDAVIT DIVULGED LAWYER–CLIENT COMMUNICATIONS WHICH WERE PRIVILEGED, AND DISCLOSED TO THE COURT FOR THE PURPOSES OF ALLEGING HE WAS EFFECTIVE AT TRIAL, CONFIDENCES WHICH WENT BEYOND THOSE NECESSARY TO DEMONSTRATE EFFECTIVE ASSISTANCE OF COUNSEL, AND WHETHER OR NOT DIVULGING THOSE CONFIDENCES, COMMUNICATED IN THE CONTEXT OF AN ATTORNEY–CLIENT RELATIONSHIP, VIOLATED APPELLANT'S PRIVILEGE AGAINST SELF INCRIMINATION, WHEN REVIEWED BY THE COURT OF MILITARY REVIEW AND USED BY THEM TO FIND SUFFICIENT FACTUAL EVIDENCE TO SUSTAIN A CONVICTION.

We hold that the Court of Military Review did not err in admitting the post-trial affidavit of trial defense counsel (*cf. United States v. Ankeny*, 30 MJ 10 (CMA 1990)), and it did not improperly rely upon this affidavit in affirming appellant's conviction. *See United States v. Montgomery*, 20 USCMA 35, 42 CMR 227 (1970).

Before the Court of Military Review, civilian counsel asserted that appellant was "entitled to a new trial as a result of ineffective assistance of counsel." He contended that "[t]he allegations of error with respect to the assistance of counsel go to

virtually every portion of the trial." He then specifically noted that military defense counsel unjustifiably declined "to conduct an Article 32[, UCMJ, 10 USC § 832,] investigation"; ineffectively conducted cross-examination of the chief government witness at trial; and improperly "fail[ed] to call any witnesses" in appellant's behalf including appellant. He also contended that there was no evidence in this record indicating trial defense counsel secured a proper waiver by appellant of his right to an Article 32 investigation or that any pretrial investigation, preparation, or representation occurred.

Trial defense counsel responded to this post-trial attack on his representation of appellant with a ten-page affidavit. It states in part:

II. PRE–TRIAL PREPARATION AND ARTICLE 32 HEARING

3. Immediately upon receiving a copy of the case file, I reviewed the entire file and discussed the case with PVT Mays. I then obtained the Record of Trial for the case of SPC Berner and reviewed that entire record along with its allied documents. I interviewed SPC Berner at the confinement facility. This interview was tape recorded and a transcript is enclosed as Appendix C. I contacted CPT Littlefield, SPC Napier's attorney and requested his permission to talk to SPC Napier. Permission was denied. I attended an Army CID line-up of my client, PVT Mays on 29 September 1989. On that same day, after the line-up, I interviewed Miss Kim Un Suk. I also obtained Miss Kim's sworn statement that she had lied about her identification of PVT Mays.

4. In my discussion of the case with my client, PVT Mays told me that he had been involved in drugs with both SPC Napier and SPC Berner, who were friends of his from the same unit, the 520th Maintenance Company. PVT Mays told me that he was with SPC Napier the day that the drugs were pur-

---

1. GCMO 20 erroneously reflects the plea to the specification.

chased in Seoul and brought to Camp Humphreys. He also told me that he smoked some of the marijuana on the back of the bus while he travelled from Seoul to Camp Humphreys on that day. While doing so, he and SPC Napier were confronted by an Army major. In order to avoid apprehension PVT Mays said that he and SPC Napier left the bus before it was stopped at the mandatory police check at the gate to Camp Humphreys. *Although prior to trial PVT Mays never told me that he took the marijuana to SPC Berner's residence, he did admit to me after his conviction that he and SPC Napier had done so.*
5. As further part of my investigation of the case, I discovered that SPC Berner had made a sworn statement to U.S. Army CID on 4 October 1989 where he related that he had heard that PVT Mays and SPC Napier had smoked marijuana on the back of the bus and that, while in confinement, PVT Mays had told him that the marijuana found in SPC Berner's apartment was in fact that of PVT Mays. This statement is provided as Appendix B. Appendix C is a transcript of my 11 October 1989 interview of SPC Berner at the confinement facility (19 pages). Pvt Berner admitted to me on that date, in a conversation which I tape recorded with the permission of SPC Berner and his attorney, that PVT Mays had *not* admitted to SPC Berner that he had brought over the marijuana. In that interview, SPC Berner further admitted that it was his understanding that the government would consider a reduction in SPC Berner's sentence in exchange for SPC Berner's testimony against PVT Mays.

(Appendices omitted; emphasis added.)

---

The granted issue raised by appellate defense counsel is somewhat cumbersome and needs some clarification. It basically challenges the decision below to admit defense counsel's post-trial affidavit or por-

tions thereof as an appellate exhibit in this case. *See generally* Art. 66(f), UCMJ, 10 USC § 866(f); Rule 23, Rules of Practice and Procedure, United States Courts of Military Review, 22 MJ CXXXVII. Furthermore, it asserts that appellant was prejudiced by this error when the court below purportedly considered this affidavit in *de novo* determining his guilt or innocence as required by Article 66(c). *See generally United States v. Turner*, 25 MJ 324 (CMA 1987). Both these contentions we must reject.

■ Article 66(c) states:
(c) In a case referred to it, the Court of Military Review may act only with respect to the findings and sentence as approved by the convening authority. *It may affirm only such findings of guilty*, and the sentence or such part or amount of the sentence, *as it finds correct in law and fact and determines, on the basis of the entire record, should be approved.* In considering the record, it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses.

(Emphasis added.) Long ago we recognized that this Court and the Court of Military Review could consider affidavits by the accused and counsel on the question of effectiveness of counsel and the propriety of a remand for a hearing pursuant to *United States v. DuBay*, 17 USCMA 147, 37 CMR 411 (1967). *United States v. Davis*, 3 MJ 430, 431 n. 1 (CMA 1977); *see United States v. McCarthy*, 2 MJ 26, 28 n. 2 (CMA 1976); *cf. United States v. Bethea*, 22 USCMA 223, 46 CMR 223 (1973). Appellant does not challenge this practice but argues that consideration of his defense counsel's particular affidavit was nonetheless barred by the attorney-client privilege and his privilege against self-incrimination. *See* Mil.R.Evid. 502(a), Manual for Courts–Martial, United States, 1984;[2] and Art. 31, UCMJ, 10 USC § 831.

2. Rule 502. Lawyer-client privilege

(a) *General rule of privilege.* A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential

The focus of appellant's present complaint is a statement in his defense counsel's affidavit that appellant admitted to this counsel after trial that he distributed the marijuana as charged. He argues that this post-trial disclosure was not relevant to the issue of ineffective assistance of counsel at trial which he raised before the Court of Military Review. He further contends such action by his counsel was vindictive and designed to prejudice his appeal before that unique factfinding court. In other words, he claims that defense counsel went too far in defending himself.

■ It is black-letter law that a military accused has a privilege to prevent the unauthorized disclosure of his confidential communications to his attorney. *See* Mil. R.Evid. 502(a); *United States v. Ankeny,* 30 MJ at 15–16. However, it is equally well-established that this privilege is limited, particularly where the servicemember claims his attorney breached his duty to provide effective assistance of counsel. Mil.R.Evid. 502(d)(3).[3] *See United States v. Dupas,* 14 MJ 28, 30 (CMA 1982); *United States v. Allen,* 8 USCMA 504, 508, 25 CMR 8, 12 (1957); *see generally Pruitt v. Peyton,* 243 F.Supp. 907, 909 (E.D.Va. 1965); 8 Wigmore, *Evidence* § 2327(6) (McNaughton rev. 1961). Thus, the initial question before us today is whether defense counsel's disclosure of appellant's post-trial statement was "relevant" to the claim of ineffective assistance of counsel. *See generally* Mil.R.Evid. 401 and 402. *See also* Rule 1.6(c), Rules of Professional Conduct for Lawyers, Department of the Army Pamphlet 27–26 (31 Dec. 1987).[4]

■ To assess the relevance of defense counsel's affidavit, we first must consider the scope of appellant's claim of ineffective assistance of counsel. He was charged with and found guilty of distributing marijuana on March 14, 1989, at Camp Humphreys, Korea. The record of trial contains direct evidence that appellant and another person brought marijuana to Specialist Berner's apartment on the above date. This evidence was provided by Ms. Kim Un Suk, a Korean national with whom Specialist Berner shared his apartment and had a sexual relationship. No evidence contradicting this witness' testimony was presented at this court-martial, although her credibility was attacked on the basis of her testimony's inconsistency with a prior statement, her poor character for truthfulness, and her motive to lie.

At the Court of Military Review appellant launched a broad claim of ineffective assistance of counsel that extended to "virtually every portion of the trial." He charged, *inter alia,* that the improperly waived Article 32 investigation would have

---

communications made for the purpose of facilitating the rendition of professional legal services to the client, (1) between the client or the client's representative and the lawyer or the lawyer's representative, (2) between the lawyer and the lawyer's representative, (3) by the client or the client's lawyer to a lawyer representing another in a matter of common interest, (4) between representatives of the client or between the client and a representative of the client, or (5) between lawyers representing the client.

**3.** (d) Exceptions. There is no privilege under this rule under the following circumstances:

\* \* \*

(3) *Breach of duty by lawyer or client.* As to a communication *relevant* to an issue of breach of duty by the lawyer to the client or by the client to the lawyer.
(Emphasis added.)

**4.** The Rules of Professional Conduct for Lawyers provide:

Rule 1.6 Confidentiality of Information

(a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b) and (c).

\* \* \*

(c) *A lawyer may reveal such information to the extent the lawyer reasonably believes necessary* to *establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client,* to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, *or to respond to allegations in any proceedings concerning the lawyer's representation of the client.*
(Emphasis added.)

produced "the testimony of Robert A. Napier ... that the marijuana for which the appellant was convicted at his court-martial actually belonged to Napier."[5] It was also "appellant's position that the Article 32 Investigation would have resulted in exculpatory evidence and resulted in his acquittal."

As indicated above, appellant's post-trial claim of ineffective representation in this case clearly placed in issue the existence of exculpatory evidence which went undiscovered by his defense counsel. The post-trial admission of appellant reported in defense counsel's affidavit rebuts this contention in an effective way. Moreover, while appellant's post-trial admission does not in any way justify prior inaction by his defense counsel, it does provide a logical explanation why counsel's efforts in his pretrial investigation were futile. In this light, the challenged portion of the defense counsel's affidavit can be reasonably considered necessary to resolve appellant's post-trial claim of ineffective assistance of counsel.

 Even if the attorney-client privilege was violated in this case, we nonetheless find that such error was harmless. Art. 59(a), UCMJ, 10 USC § 859(a). Appellant's attack on his affirmed conviction for drug distribution is ultimately premised on his additional assertion or assumption that the Court of Military Review considered defense counsel's affidavit in its factual review of his case. We have examined this decision which is attached as an appendix to this opinion. It expressly considered this affidavit only on the competence-of-counsel issue. The absence of an express disavowal of its use on the factual question of guilt raises no further doubt in our minds. We presume that military appellate judges, like military trial judges, will follow the law and only consider matters properly before them, or when appropriate, for the limited purpose for which these matters were admitted. *See United States v. Montgomery*, 20 USCMA at 39, 42 CMR at 231. No Article 66(c) violation can be dis-

cerned in this case. *United States v. Turner*, 25 MJ 324 (CMA 1987).

The decision of the United States Army Court of Military Review is affirmed.

Judges CRAWFORD and GIERKE and Senior Judge EVERETT did not participate.

## APPENDIX

### UNITED STATES ARMY COURT OF MILITARY REVIEW

ACMR 8903579

Filed 29 Jan. 1991

United States, Appellee

v.

Private E1 Jeffrey A. Mays,

201–58–6118,

United States Army, Appellant

For Appellant: Robert P. Ging, Jr., Esq. (argued), Captain Michael J. Coughlin, JAGC (on brief).

For Appellee: Captain Kenneth H. Goetzke, Jr., JAGC (argued), Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before De GIULIO, VARO, and JOHNSTON, Appellate Military Judges.

### MEMORANDUM OPINION

PER CURIAM:

Contrary to his pleas the appellant was convicted by a general court-martial composed of officer members of wrongful distribution of marijuana in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (Supp. V 1987) [hereinafter UCMJ]. His approved sentence provides for a dishonorable discharge, confinement for five years, and forfeiture of all pay and allowances.

*See United States v. Sorrell,* 23 MJ 122, 124 (CMA 1986).

---

5. Of course, ownership of the drugs is not the critical question in a drug-distribution case.

The appellant now asserts that he is entitled to a new trial because his trial defense counsel was ineffective. In reviewing this issue, we have considered the 20 September 1990 affidavit of the trial defense counsel which sets forth in detail his actions in representing the appellant in this case. This is the same trial defense counsel who represented the appellant four months earlier, in July 1989, before a special court-martial empowered to adjudge a bad-conduct discharge. At the prior court-martial, the appellant was convicted of distribution of methamphetamine in violation of Article 112a, UCMJ.

In the case at bar, the trial defense counsel's affidavit reveals that the defense strategy centered on discrediting the key government witness because the appellant was unable to provide, nor was counsel able to find, any exculpatory witnesses in the appellant's behalf. Considering the trial defense counsel's knowledge of the appellant's background and the very limited ability to present a positive image of the appellant to the court-martial, it is apparent that the trial defense counsel represented the appellant in the best manner possible under the circumstances. In this regard, we further note that the trial defense counsel would have been able to enter into a pretrial agreement which would have limited the appellant's confinement to eighteen months in return for his plea of guilty and testimony against another soldier charged with possession of the same marijuana. We find no deficiency in the trial defense counsel's representation of the appellant at any stage of the proceedings and therefore, find no basis to test for prejudice. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, *reh'g denied,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984); *United States v. Scott,* 24 MJ 186 (CMA 1987).

The appellant further asserts that the evidence in the record of trial is insufficient to support the findings of guilty. Viewing the evidence in a light most favorable to the government, we hold the evidence to be legally sufficient to support the appellant's conviction. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *reh'g denied,* 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979). Reviewing the evidence in the record of trial for factual sufficiency, and making allowances for not having personally observed the witnesses, we are convinced of the appellant's guilt beyond a reasonable doubt. Art. 66(c) UCMJ; *United States v. Turner,* 25 MJ 324 (CMA 1987).

The additional matters raised personally by the appellant pursuant to *United States v. Grostefon,* 12 MJ 431 (CMA 1982) and through counsel, have been considered and are without merit.

The findings of guilty and the sentence are affirmed.[1]

> FOR THE COURT:
> (s) William S. Fulton, Jr.
> WILLIAM S. FULTON, JR.
> Clerk of Court

COX, Judge (concurring):

A claim of inadequate representation waives the attorney-client privilege, "but only as to matters reasonably related to that claim. The attorney is not free to volunteer information that does not concern the issue of ineffective assistance of counsel." *United States v. Dupas,* 14 MJ 28, 30 (CMA 1982) (footnotes and citations omitted). In taking steps to justify his conduct, trial defense counsel may, *to the limited extent necessary,* breach the existing attorney-client privilege. *Id.* at 33 (Cook, J., concurring).

Captain McKenna, in paragraph 4, Part II of his affidavit, stated that appellant confessed his guilt after the trial. Under

---

1. At a hearing held on 10 January 1990, the appellant's civilian defense counsel requested he be given ten days to submit a supplemental brief on the issue of whether the military judge erred because no "principals" instruction was given. No further submission by counsel was received. We further note that our review of the case leads us to hold that no such instruction was required and its absence caused no prejudice to the appellant.

the circumstances of this case, however, it is unnecessary to determine whether that statement was reasonably related to appellant's ineffective-assistance claim. Regardless whether the statement exceeded the scope of appellant's challenge, its inclusion was harmless beyond a reasonable doubt in the determination of whether defense counsel was effective prior to and during the trial. Given that the statement was harmless as related to the ultimate issue in the case, any unwarranted disclosure would not entitle appellant to relief.