**286**

UNITED STATES, Appellee,

v.

Steven A. WEAN, Staff Sergeant,
U.S. Army, Appellant.

No. 67,377.
CMR No. 9002749.

U.S. Court of Military Appeals.

Argued March 3, 1993.

Decided Aug. 3, 1993.

For Appellant: *Captain Robert Lane Carey* (argued); *Lieutenant Colonel James H. Weise* and *Captain Robin N. Swope* (on brief); *Colonel Robert B. Kirby*.

For Appellee: *Captain Louis E. Peraertz* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Joseph A. Russelburg, Major Kenneth T. Grant* (on brief); *Lieutenant Colonel Daniel J. Dell'Orto, Major Joseph C. Swetnam, Captain Samuel J. Smith, Jr.*

*Opinion of the Court*

SULLIVAN, Chief Judge:

On October 15 and 17–19, 1990, appellant was tried by a general court-martial composed of officer members at Fort Ord, California. Contrary to his pleas, he was found guilty of three specifications of committing indecent acts with a child under the age of 16, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. The court-martial sentenced appellant to a dishonorable discharge, confinement for 14 years, total forfeitures, and reduction to E1. On November 21, 1990, the convening authority approved the sentence as adjudged. On September 27, 1991, the Court of Military Review affirmed the findings and sentence without opinion.

On October 15, 1992, this Court granted review of the following issues:

I

WHETHER APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL ON THE MERITS BECAUSE DEFENSE COUNSEL FAILED TO INVESTIGATE APPELLANT'S CASE AND ADEQUATELY PRESENT APPELLANT'S DEFENSES AT TRIAL.

II

WHETHER THE MILITARY JUDGE ERRED IN ADMITTING THE OPIN-

ION TESTIMONY OF THE GOVERN-MENT'S EXPERT WITNESSES ABSENT A SHOWING THAT THE UNDERLYING THERAPY TECHNIQUES THEY RELIED UPON IN REACHING THEIR CONCLUSIONS WERE RELIABLE.

On the basis of the record before us, we decline to decide these related legal questions * without further review by the Court of Military Review. *United States v. Baran*, 22 MJ 265, 267 (CMA 1986).

The first granted issue, concerning ineffective assistance of counsel, requires answers to certain factual questions which are not clear from the record before us.

First, what were the reasons that defense counsel failed to object to admission of "play therapy" evidence used by government witnesses in this case to conclude that a child had been sexually abused? *See United States v. Gipson*, 24 MJ 246, 252 (CMA 1987) (general "acceptance in the scientific community" is "not the test" but "is a factor" in deciding admissibility of expert opinion). *Compare Nelson v. Farrey*, 874 F.2d 1222, 1225 (7th Cir.1989) (dictum) (" 'Play therapy' is an established technique for obtaining information about the feelings and problems of young children."), *cert. denied*, 493 U.S. 1042, 110 S.Ct. 835, 107 L.Ed.2d 831 (1990), *with Commonwealth v. Dunkle*, 529 Pa. 168, 602 A.2d 830, 834 (1992) ("testimony about the uniformity of behaviors exhibited by sexually abused children is not sufficiently established to have gained general acceptance in the particular field in which it belongs"), *and United States v. Gillespie*, 852 F.2d 475, 481 (9th Cir.1988) (evidence of scientific reliability of "play therapy" technique required).

Second, what were the reasons that defense counsel failed to request funds for or the services of an expert witness in the preparation of appellant's defense? *Unit-

ed States v. Garries*, 22 MJ 288 (CMA), *cert. denied*, 479 U.S. 985, 107 S.Ct. 575, 93 L.Ed.2d 578 (1986). In this regard we note defense counsel's ambiguous statement to the members that "it would have been great for us to have been able to put some experts on, but for financial reasons we weren't able to do that."

Third, what were the reasons for defense counsel's statement during closing argument on sentencing "that an illness of the mind then compelled [appellant] to do these things"? *Cf. United States v. Cordes*, 33 MJ 462, 467 (CMA 1991); *United States v. Elmore*, 33 MJ 387, 398 (CMA 1991). Likewise, we note appellant's testimonial denial of any wrongdoing.

And finally, does defense counsel's posttrial affidavit adequately address appellant's claim that defense counsel ignored his alibi defense and failed to call a potential key witness? *United States v. Parker*, 36 MJ 269 (CMA 1993); *see United States v. Dupas*, 14 MJ 28 (CMA 1982).

This Court is not a factfinding body, but our review of the ineffective-assistance-of-counsel claim, as noted above, does entail certain factual findings. The Court of Military Review has not articulated any factual findings justifying its affirmance in this case, so we are deprived of its unique assistance in this regard. *See* Art. 66(c), UCMJ, 10 USC § 866(c). We, of course, are aware of our recent holding that a Court of Military Review need not always articulate its reasoning for its decisions, and we are not critical of the summary action of the Court of Military Review in this case. *United States v. Clifton*, 35 MJ 79 (CMA 1992). Nevertheless, in the instant case, findings of fact and conclusions of law by the Court of Military Review would be most helpful to this Court in performing our function of deciding whether the findings and sentence are correct in law. Art. 67(c), UCMJ, 10 USC § 867(c)(1989). *United States v. Bar-

---

* Defense counsel did not object to admission of the play-therapy evidence which is the subject of Issue II. Therefore, resolution of this evidentiary question requires application of the plain-error doctrine which will be facilitated by the findings of fact with respect to Issue I. *See generally United States v. Olano*, — U.S. —, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Fisher*, 21 MJ 327, 328 (CMA 1986).

*an, supra.* Moreover, in view of the inadequate or nonresponsive affidavits of defense counsel already filed in this case, the Court of Military Review should order an evidentiary hearing, *United States v. Du-Bay,* 17 USCMA 147, 37 CMR 411 (1967), or order additional affidavits, *see United States v. Parker, supra,* before reaching its findings in this regard. *See generally United States v. Smith,* 36 MJ 455 (CMA 1993); *United States v. Payton,* 23 MJ 379 (CMA 1987).

The decision of the United States Army Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Army for remand to that court for action in accordance with this opinion.

Judges COX, GIERKE, and WISS concur.

CRAWFORD, Judge (dissenting):

I am concerned that the majority opinion unnecessarily remands this case for an irrelevant factual inquiry concerning trial defense counsel's reason for failing to object to admission of play-therapy evidence used by government witnesses to conclude that the children had been sexually abused.

First, the very framing of the inquiry indicates a readily identifiable problem which can be resolved without resort to a factual inquiry. This is simply whether the conclusory experts' testimony that the children had been abused by a male unlawfully invaded the province of the jury. I believe that in the interests of judicial economy this question of law can be resolved by this Court, without remand, and the plain-error doctrine applied as necessary.

Second, the cases cited in support of this factual inquiry are based upon divers and conflicting legal theories, and this could lead to unnecessary confusion. *United States v. Gipson,* 24 MJ 246 (CMA 1987)

(rejected a mechanical application of the test announced in *Frye v. United States,* 293 F. 1013 (D.C.Cir.1923), and held that general acceptance of evidence in the scientific community is merely one factor in determining its probativeness); *United States v. Gillespie,* 852 F.2d 475, 481 (9th Cir.1988) (applied the *Frye* test and held that the District court committed reversible error by admitting "expert opinion testimony based on play therapy with anatomically correct dolls" without requiring evidence to establish scientific reliability); *Commonwealth v. Dunkle,* 529 Pa. 168, 602 A.2d 830, 836 (1992) (held that, "In addition to expert testimony meeting the tests of relevancy and the *Frye* standard of admissibility, expert testimony is admitted only when the subject matter is beyond the knowledge or experience of the average layman.").

The Supreme Court and this Court have already rejected the *Frye* test in favor of a test encompassing other equally persuasive factors. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* —— U.S. ——, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *United States v. Gipson,* 24 MJ at 251. Hence, I question the purpose of citing the *Gillespie* case in which a court in another jurisdiction rejected play-therapy evidence based solely upon the *Frye* test.

Third, I also question the utility of citing the *Dunkle* case which was decided, in part, on the proposition that the behavioral patterns of sexually abused children are common knowledge and preclude expert testimony. If an expert testifies about a particular scientific theory, the expert is not precluded from testifying as a lay witness on matters related to the expert testimony.

For the foregoing reasons I must respectfully dissent from the majority opinion.