UNITED STATES, Appellee

v.

Anthony T. JOHNSON, Lance Corporal
U.S. Marine Corps, Appellant.

No. 94–1000.
CMR No. 92 02664.

U.S. Court of Appeals for
the Armed Forces.

Argued April 5, 1995.

Decided Sept. 28, 1995.

For Appellant: *Major Hagen W. Frank,*
USMC (argued).

For Appellee: *Captain Daren K. Margo-
lin,* USMC (argued); *Colonel J. Composto,*
USMC, *Commander S.A. Stallings,* JAGC,
USN, *Lieutenant Commander David B. Au-
clair,* JAGC, USN (on brief).

*Opinion of the Court*

COX, Judge:

1. Appellant was tried by a special court-
martial, military judge sitting alone. He was
charged with failing to obey a general order
by possessing a pistol and ammunition, as
well as a knife, in the barracks; and by
allowing his wife to stay in the barracks with
him, in violation of Article 92, Uniform Code
of Military Justice, 10 USC § 892. At ar-
raignment, he pleaded guilty to the former,
but not guilty to the latter. However, the
military judge found his guilty pleas improvi-
dent, so appellant entered pleas of not guilty
to both specifications. At the close of the
Government's case, defense counsel moved
for a finding of not guilty as to the second
specification, and the motion was granted.
The military judge convicted appellant of the
first specification and sentenced him to a
bad-conduct discharge, confinement for 3
months, and reduction to the lowest enlisted
grade. The convening authority approved
the sentence as adjudged, and in an unpub-

lished opinion, the Court of Military Review[1] affirmed the findings and the sentence on March 22, 1994.

2. On September 21, 1994, we granted review of the following issue:

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED WHEN IT RESOLVED APPELLANT'S ALLEGATION OF INEFFECTIVE ASSISTANCE OF COUNSEL—BASED ON TRIAL DEFENSE COUNSEL'S FAILURE TO OBJECT TO ADMISSION OF EVIDENCE SEIZED IN WHAT APPEARS FROM THE RECORD TO HAVE BEEN AN ILLEGAL SEARCH—BY RELYING ON AN AFFIDAVIT FROM TRIAL COUNSEL ASSERTING THAT THE SEARCH HAD BEEN PROPERLY AUTHORIZED.

We hold that there was no error.

## FACTS

3. The evidence admitted that gives rise to the allegations of ineffective assistance of counsel was obtained during a search of appellant's barracks and a subsequent search of a vehicle.

4. Appellant was in the process of moving from one barracks to another during the last weekend of February 1992. He had borrowed a car from a member of his former unit for this purpose, and his new bride was assisting him with the move. He shared his new accommodations with two roommates. On Monday morning, one of his new roommates, Private First Class (PFC) Ferguson, witnessed appellant engaged in a discussion with his wife while holding a small pistol in his hand. PFC Ferguson testified that appellant was neither waving nor pointing the pistol at anyone. Nonetheless, he discussed the matter with the second roommate, and the two decided to report it to their immediate supervisor, Lieutenant Steadman, the battalion adjutant. LT Steadman was also known as the battalion legal officer. He in turn reported to Staff Sergeant (SSGT) Walk, the acting company gunnery sergeant,

that it was suspected there was a weapon in that room and for them to conduct a "health and comfort inspection" later of the room and appellant's POV. SSGT Walk called appellant to come to the company office. When he got there, the first sergeant called him in, read him his rights, and had him sign his Article 31, UCMJ, 10 USC § 831 rights' statement. SSGT Walk, along with Corporal Adams, then went to the barracks with appellant. They proceeded with the inspection and the search produced a Bowie knife found inside a desk and 64 rounds of M–16 ammunition found in a seabag. At the first sergeant's direction, SSGT Walk then inspected the vehicle appellant was borrowing and found, in the locked glove compartment, the pistol in issue.[2]

5. Appellant claims the search of his barracks *room* and the resulting seizure was unlawful because there is no showing that it was authorized by the commanding officer, Colonel Barnes, and, therefore, that his ensuing consent to search the vehicle was tainted. *See* Mil.R.Evid. 315(d)(1), Manual for Courts–Martial, United States, 1984; *United States v. Stuckey,* 10 MJ 347 (CMA 1981). The basis for his ineffective-assistance-of-counsel claim raised below was his defense counsel's failure to raise this issue at trial. The court below relied on affidavits from both trial and defense counsel to resolve the matter, and held there was no ineffective assistance. Appellant asserts before us that the court below erred in relying largely on the trial counsel's affidavit where the affidavit conflicted with the record of trial.

## ANALYSIS

6. Article 66(c), UCMJ, 10 USC § 866(c), charges the Courts of Military Review to "affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved. In considering the record, it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that

---

1. *See* 41 MJ 213, 229 n.* (1994).

2. Appellant testified that, after the discovery of contraband in his room, he *consented* to the search of the borrowed vehicle. (R.83).

the trial court saw and heard the witnesses." *See United States v. Parker,* 36 MJ 269, 270 (CMA 1993); *see also United States v. Bethea,* 22 USCMA 223, 46 CMR 223 (1973).

7. In cases involving issues of ineffective assistance of counsel, the relevant facts often do not become apparent until after the trial process has been completed. Much like with issues of command influence, it is often necessary for an appellate court "to resort to the unsatisfactory alternative of settling the issue on the basis of *ex parte* affidavits, amidst a barrage of claims and counterclaims." *United States v. Parker,* 36 MJ at 272, quoting *United States v. DuBay,* 17 USCMA 147, 149, 37 CMR 411, 413 (1967). As this Court summarized in *United States v. Polk,* 32 MJ 150, 152 (1991):

> We often receive claims that counsel have been ineffective, and they are extremely difficult to resolve on direct appeal. *United States v. McGillis,* 27 MJ 462 (Daily Journal 1988) (summary disposition). Contrary to state and federal practice, these claims do not come to us through post-conviction attacks on the verdict and sentence, where hearings are held and evidence is heard, upon which judges make factual findings and conclusions of law for an appellate court to review and consider. *See* 28 USC § 2254. Claims come to us instead in the form of affidavits or even unsworn allegations. There is no mechanism set out in the Uniform Code of Military Justice for this Court or the Courts of Military Review to evaluate such post-conviction claims....

■ 8. Appellant charges that reliance by the court below on affidavits by trial and defense counsel to decide an issue of ineffective assistance was erroneous and that a *DuBay* hearing was required due to conflicts between the record and the affidavits. We disagree. This Court, along with the Courts of Criminal Appeals (*see* n. 1), have long recognized a method by which to expand the record of trial through an evidentiary hearing in order "to enable a military judge at the trial level to make the findings of fact and conclusions of law on collateral matters when the record is incomplete and 'resort to

affidavits [is] unsatisfactory[.]'" *United States v. Dykes,* 38 MJ 270, 272 (CMA 1993), quoting *United States v. DuBay,* 17 USCMA at 149, 37 CMR at 413. *See also United States v. Parker,* 36 MJ at 272. However, the fact that an appellate court may employ such evidentiary hearings to resolve factual conflicts does not prohibit it from considering affidavits which invariably play a role in the triggering process of determining whether an evidentiary hearing is warranted. *See also United States v. Lewis,* 42 MJ 1 (1995), and *United States v. Mays,* 33 MJ 455, 457 (CMA 1991). Thus, the issue is whether the affidavits considered in this case, together with the record of trial, provide a sufficient basis for the court below to make its determination without the need to resort to a *DuBay* hearing.

9. The Court of Military Review accepted affidavits from LT Christine R. Sutton, appellant's defense counsel, and from Major James A. Reistrup III, trial counsel, to determine whether appellant had received ineffective assistance. Appellant claimed that LT Sutton never investigated or ascertained whether the search of his barracks had been properly authorized by the commanding officer, COL Barnes. Trial counsel's affidavit (January 3, 1994) indicates that, upon being contacted by appellate government counsel, he obtained his trial folder for appellant's case and reviewed his notes, which indicated that LT Steadman had gone to "the Commanding Officer of the battalion, Colonel H.K. Barnes, reported this information, its source and circumstances [and a]t that point, Colonel Barnes authorized a search of the BEQ room of the Accused. This matches my independent recollection of the factual scenario as well." Defense counsel's affidavit (February 15, 1994) is not so definitive. In it she comments that, although she has "no independent recollection of my conversations with LCPL (Lance Corporal) Johnson or notes of those conversations, I can only assume I followed my normal practice...."— that being that any "[f]acts which negate the lawfulness of a search and seizure are of such significance that I would have made a note in my log for the purpose of following through on the issue." She adds, "The fact that my notes

indicate nothing on the issue of the search and seizure means that the issue did not exist."

10. We turn now to the record of trial. Neither COL Barnes nor LT Steadman testified. The sole relevant testimony is of SSGT Walk, who testified that after PFC Ferguson had reported the facts to LT Steadman, LT Steadman directed SSGT Walk "to conduct ... [a] health and comfort inspection of ... [appellant's] room and later on, his POV." We note that, while this testimony does not show whether LT Steadman obtained the necessary authorization before relaying the orders to SSGT Walk, it does not preclude the possibility.

11. Later on, however, SSGT Walk inferentially linked the search of the room and the vehicle. He was asked whether the search of the vehicle was "authorized," to which he responded:

> Yes, sir, by the battalion commander. Probable cause was the weapon which we did not find the weapon [sic] in the room.

12. Appellant concludes that, because SSGT Walk specifically remembered COL Barnes as authorizing the car search but makes no explicit mention of him regarding the room search, it follows that COL Barnes did not authorize the room search. We decline to make that conclusion and disagree that the record is in conflict with counsels' affidavits. SSGT Walk was responding to a question specifically focused on who authorized the search of the car when he mentioned the battalion commander. He was never asked who authorized the room search. He responded only to his recollection of how he himself went about the search, following LT Steadman's orders to search both the room and the vehicle, again not precluding the possibility that LT Steadman was following COL Barnes' orders. In fact, it follows that, since SSGT Walk recalled the car

search as authorized by the commanding officer, it is likely that the room search was likewise authorized.

■ 13. There is a presumption of competent counsel, which appellant must overcome when asserting ineffective assistance of counsel. *United States v. Scott*, 24 MJ 186, 188 (CMA 1987). Once this is accomplished, an appellate court must ask itself:

1. Are the allegations made by appellant true; and, if they are, is there a reasonable explanation for counsel's actions in the defense of the case?

2. If they are true, did the level of advocacy "fall[ ] measurably below the performance ... [ordinarily expected] of fallible lawyers"? *United States v. DiCupe*, 21 MJ 440, 442 (CMA), *cert. denied*, 479 U.S. 826, 107 S.Ct. 101, 93 L.Ed.2d 52 (1986).

3. If ineffective assistance of counsel is found to exist, "is ... there ... a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt?" *United States v. Scott*, 24 MJ 186, 189 (CMA 1987), quoting *Strickland v. Washington*, 466 U.S. 668, 695, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984).

*United States v. Polk*, 32 MJ 150, 153 (CMA 1991).

14. We determine that the court below had before it sufficient and reliable information from which to answer the above questions and make the determination of the lack of ineffective assistance without the need to resort to an evidentiary hearing.

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges CRAWFORD, GIERKE, and WISS concur.