Mike **YAGHNAM, d/b/a R & W Food Market, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 81–K–831.**

United States District Court,
D. Colorado.

Nov. 18, 1981.

As Amended Dec. 14, 1981.

---

Jules Ornstein, Denver, Colo., for plaintiff.

Joseph Dolan, U. S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff challenges the decision of the Food and Nutrition Service of the Department of Agriculture, disqualifying plaintiff's market from participation in the food stamp program for one year. Plaintiff seeks a trial *de novo* on the disqualification decision and also challenges the penalty imposed. This court has jurisdiction under 7 U.S.C. § 2023 and 28 U.S.C. § 1331.

Defendant moved for summary judgment. Both parties have submitted briefs and affidavits and the motion is now ripe for determination. I grant the motion in part and deny it in part. See F.R.Civ.P. 56(d).

### I. THE DISQUALIFICATION

7 U.S.C. § 2021 provides that a store may be disqualified from the food stamp program upon a finding that the store has violated the applicable statutes or regulations. 7 C.F.R. § 278.2(a) (1981) provides that food stamps shall be accepted only in exchange for eligible food, and not for non-food items. Defendant has submitted several uncontroverted affidavits stating that some of its agents purchased non-food items in exchange for food stamps in plaintiff's store. In opposing the summary judgment motion plaintiff submitted an affidavit stating:

> Plaintiff is totally unaware of the alleged violations complained of by the Defendant as the basis for the one-year suspension, and Plaintiff's employees who were charged with the violations have also denied any knowledge of them (which were alleged to have occurred in the beginning of 1979).

F.R.Civ.P. 56(e) provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein....

I conclude that plaintiff's statement that his employees have also denied any knowl-

edge of the violations would not be admissible at trial, see F.R.Evidence 802, and therefore may not be considered on this motion. I therefore will decide in the absence of this statement whether summary judgment is proper.

■ Summary judgment is appropriate only when there exists no genuine issue of material fact. *Adickes v. S. H. Kress Co.*, 398 U.S. 144, 157–59, 90 S.Ct. 1598, 1608–1609, 26 L.Ed.2d 142 (1970); *Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373, 1383 (10th Cir. 1980). As a matter of law, the movant must show entitlement to summary disposition beyond a reasonable doubt. *Norton v. Liddel*, 620 F.2d 1375, 1381 (10th Cir. 1980).

■ In ruling on a summary judgment motion, I must construe all pleadings, affidavits, and admissions in favor of the party against whom the motion is made. *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980). No margin exists for disposition of factual issues, nor does summary judgment serve as a substitute for trial when there are disputed facts. *Commercial Iron & Metal Co. v. Bache & Co.*, 478 F.2d 39, 41 (10th Cir. 1973). However, "once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his [pleadings], but must respond with specific facts showing the existence of a genuine factual issue to be tried." *Coleman v. Darden*, 595 F.2d 533, 536 (10th Cir.), *cert. denied*, 444 U.S. 927, 100 S.Ct. 267, 62 L.Ed.2d 184 (1979) (citations omitted).

■ Plaintiff does not dispute that defendant's agents purchased non-food items with food stamps in plaintiff's store. Instead, plaintiff argues that his lack of knowledge of the violations is sufficient grounds for reversing the suspension. Plaintiff relies on *Badwan v. United States*, 541 F.2d 1388 (10th Cir. 1976). This reliance is misplaced because of the recent Tenth Circuit decision, *Wolf v. United States*, 662 F.2d 676 (10th Cir. 1981). In *Wolf* the court states:

> Plaintiff's personal non-involvement would not prevent his store's disqualification.... 7 U.S.C. § 2021 ... requires only 'a finding ... that such *store* ... has violated any of the provisions of the Food Stamp Act or the regulations issued pursuant to the Act.' An improper sale by a cashier is sufficient to establish a violation.

At 678 (emphasis in original) (quoting *Kulkin v. Bergland*, 626 F.2d 181, 183 (1st Cir. 1980)). The court distinguished *Badwan*, stating:

> That case involved a single employee who, for personal gain and without the knowledge of the store manager or owner, purchased coupons at a discount, placed them in one of the store's cash registers, and removed an equivalent sum of cash.

*Id.* at 678. Because the violations in the present case did not involve just a single employee seeking personal gain, the court holds that defendant's disqualification of plaintiff from the food stamp program was proper.

## II. THE PENALTY

■ Plaintiff also challenges the penalty imposed here: a one-year suspension from the program. Defendant responds that the court does not have the authority to review the sanction imposed here. A plain reading of 7 U.S.C. § 2023 would imply that the district court is to exercise its own trial *de novo* discretion in reviewing the penalty imposed, just as it is to do when reviewing the disqualification decision.[1] See *Cross v. United States*, 512 F.2d 1212, 1219–21 (4th Cir. 1975) (Widener, J., concurring); *Martin v. United States*, 459 F.2d 300, 302 (6th Cir. 1972) (Edwards, J., dissenting). No court has taken this approach, however.

1. 7 U.S.C. § 2023 provides, in relevant part: the suit in the United States district court ... shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue. If the court determines that such administrative action is invalid, it shall enter such judgment or order as it determines in accordance with the law and the evidence.

Some circuits have held that the district courts have no authority at all to review the penalty imposed. See, e.g., *Nowicki v. United States*, 536 F.2d 1171, 1176 (7th Cir. 1976); *Martin v. United States*, 459 F.2d 300, 301–02 (6th Cir.), *cert. denied*, 409 U.S. 878, 93 S.Ct. 129, 34 L.Ed.2d 131 (1972). Another circuit held that the district courts may review the penalty imposed, but may reverse only if the penalty was "unwarranted in law ... or without justificiation in fact." *Kulkin v. Bergland*, 626 F.2d 181, 184–85 (1st Cir. 1980) (quoting *Butz v. Glover Livestock Commission Co.*, 411 U.S. 182, 185–86, 93 S.Ct. 1455, 1458, 36 L.Ed.2d 142 (1973). Some circuits have equated this latter standard with the "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" standard of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). See, e.g., *Bruno's Inc. v. United States*, 624 F.2d 592, 594 (5th Cir. 1980); *Cross v. United States*, 512 F.2d 1212, 1218 (4th Cir. 1975).

The Tenth Circuit has not explicitly ruled on this issue. It did note, however, that:

> most decisions have held that judicial review of the sanction is proper, but only to determine if it is arbitrary or capricious.

*Wolf v. United States*, at 678 (citations omitted). The court holds that it has authority to review the sanction imposed here, but must uphold it unless it violates the standards of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). Even if 7 U.S.C. § 2023 does not confer this authority, I believe that the APA does.

■ 7 C.F.R. § 278.6(e) details the lengths of disqualification that are proper for various violations of the food stamp program. *Id.* § 278.6(e)(2) states that a one-year disqualification is appropriate if the store's policy is to sell "expensive or conspicuous nonfood items, cartons of cigarettes, or alcoholic beverages, in exchange for food coupons...," and the store received appropriate warning. The affidavits indicate that plaintiff's store accepted food stamps for non-food items on five occasions. These items had an average value of about one dollar each. None of them were cartons of cigarettes or alcoholic beverages. There is insufficient evidence to conclude that plaintiff's store had a policy of accepting food stamps for non-food items. On this evidence it appears that the one year disqualification was arbitrary, capricious or an abuse of discretion. I therefore deny defendant's motion for summary judgment on the issue of the validity of the penalty.[2]

IT IS ORDERED that defendant's motion for summary judgment is GRANTED on the issue of the disqualification of plaintiff from the food stamp program. It is further

ORDERED that defendant's motion for summary judgment is DENIED on the issue of the validity of the length of plaintiff's disqualification from the food stamp program. It is further

ORDERED that this case is set for trial to the court for one-half day to commence at 9:00 a. m. December 16, 1981, in Courtroom C–200 U.S. Courthouse, Denver, Colorado.

---

2. Based on the affidavits, a 60-day disqualification is the maximum that would have been appropriate here. 7 C.F.R. § 278.6(e)(5) (1981) allows a 60-day disqualification for violations such as the sale of "common nonfood items in amounts normally found in a shopping basket," where the violations resulted from poor supervision by the firm's ownership. It is possible that defendant will present evidence at trial justifying a longer disqualification, but the affidavits only justify this length of disqualification.

The disqualification is also to be shorter if the store was not warned that it might be violating the regulations and that it risked disqualification. Defendant has submitted a copy of a warning letter that was sent to plaintiff by certified mail, so this provision is inapplicable here.