**UNITED STATES, Appellee,**

v.

**Staff Sergeant Gary A. FRUEH, 397–74–5016, United States Army, Appellant.**

**ACMR 9101295.**

U.S. Army Court of Military Review.

8 July 1992.

For Appellant: Captain James M. Heaton, JAGC, Captain Michael E. Smith, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Edith M. Rob, JAGC, Captain Samuel J. Smith, Jr., JAGC (on brief).

Before GRAY, CREAN, and WERNER, Appellate Military Judges.

OPINION OF THE COURT

CREAN, Senior Judge:

Contrary to his pleas, the appellant was found guilty by a general court-martial consisting of enlisted members of driving while intoxicated and adultery in violation of Articles 111 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 911 and 934 (1982). The convening authority approved the adjudged sentence of a bad-conduct discharge, hard labor without confinement for sixty days, restriction for sixty days, and reduction to Private E1.

The appellant asserts that he was denied the effective post-trial assistance of counsel in preparing a post-trial submission pursuant to Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1105 [hereinafter R.C.M.]. We agree.

This Court is again faced with the battle of the affidavits between an accused and his trial defense counsel. In an affidavit submitted to this Court, the appellant claims that after trial he was served with a copy of the record of trial and the staff judge advocate's recommendation on 4 September 1991. He contacted his civilian defense counsel, Mr. Cohen, and was informed by his secretary to bring the record in because Mr. Cohen needed it to prepare the next document for the convening authority. He took the documents to Mr. Cohen's office a few days later, but did not speak to Mr. Cohen since he was in court. The secretary stated that a request for a delay could be submitted. He informed her that such a request should be submitted. The secretary told the appellant to call Mr. Cohen later and confirm the arrangements.

On 16 September 1991, the appellant spoke with Mr. Cohen who explained the details of the post-trial process. Mr. Cohen

did not inform him that he could submit matters on his own behalf, but gave the appellant the general impression that the submitted matters were routine and that he (Mr. Cohen) would prepare the document. The following week, the appellant again talked to the secretary who told him that Mr. Cohen would be in on 26 September 1991 to prepare his clemency petition.

On 14 October 1991, the appellant met the trial counsel who informed him that the convening authority had taken action in his case and that he was now a private. He received formal notification of the action and the request to place him on excess leave two days later. On 18 October 1991, he went to Mr. Cohen's office and again spoke to the secretary and told her that he was leaving shortly because he was placed on excess leave. She returned his copy of the record of trial and told him that the petition for clemency was in the record. While preparing a response to the excess leave notice, he looked through the record of trial but could not find the petition for clemency. He assumed at the time that the secretary had inadvertently left the petition out of the record. It was not until he spoke to his appellate defense counsel that he learned a petition was never submitted to the convening authority and Mr. Cohen had waived his right to submit such matters.

Mr. Cohen's affidavit states that he advised the appellant of his right to submit post-trial matters to the convening authority. The appellant told Mr. Cohen that his desire was not to remain in the Army as a Private and did not want to risk having his discharge converted to a sentence to confinement. Mr. Cohen also stated that he was unaware of any conversations the appellant had with his secretary as she no longer worked for him and he was unsure of her location in the United States.

Mr. Cohen's affidavit does state that the appellant, sometime later, informed him that he wanted to submit clemency matters. Mr. Cohen knew that they were running against the time limit and discussed the case with personnel of the staff judge advocate's office. Based on their discus-

sions, it was clear to him that clemency would not be forthcoming from the convening authority. He informed the appellant that he could submit matters to the convening authority on his own and that he could drop it off with the staff judge advocate for submission to the convening authority.

A memorandum for record, dated 7 October 1991, from Captain (CPT) C, the Chief, Military Justice Division (who was also the trial counsel in the case), states that the recommendation of the staff judge advocate and the record of trial were served on the appellant at the express request of Mr. Cohen. Mr. Cohen told CPT C that the appellant would deliver the record of trial and the recommendation of the staff judge advocate to him at their next appointment. On 13 September 1991, Mr. Cohen requested, in writing, a delay in submitting post-trial material, which was approved. On 24 September 1991, CPT C discussed the submission of post-trial material with Mr. Cohen and reminded him that the deadline for submitting matters was approaching. Mr. Cohen informed him that he was still discussing the issue with his client. On 7 October 1991, CPT C spoke with Mr. Cohen's secretary, the same individual who spoke with the appellant, who informed him that Mr. Cohen was on a trip to the United States and that before his departure he had waived the submission of post-trial matters.

The government agrees that Mr. Cohen should have sought additional time to submit clemency matters and, if necessary, should have investigated and gathered appropriate materials as post-trial submissions as requested by the appellant. However, the government argues that the failure of Mr. Cohen to submit matters and his waiver of the right to submit matters was harmless and did not prejudice the appellant. The government states that the material the appellant wanted to submit would have been cumulative with what had already been presented at trial and was, therefore, contained in the record of trial.

■ In determining the adequacy of post-trial representation, we will apply the two-prong test set forth in *Strickland v.*

*Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and applicable to military courts-martial by *United States v. Scott,* 24 M.J. 186, 188 (C.M.A.1987). For the appellant to be successful in his assertion of inadequate post-trial representation, the appellant must show that his counsel's representation was deficient and that such deficiency worked to his detriment.

▇▇▇ A defense counsel's responsibilities do not cease at the end of a trial. A defense counsel has a responsibility to review a case after the trial and to raise all legal issues and clemency matters with the convening authority which may assist his client. The unique clemency powers of the convening authority are an important part of the military criminal justice system. *See United States v. Stephenson,* 33 M.J. 79, 83 (C.M.A.1991); *United States v. Bono,* 26 M.J. 240, 243 n. 3 (C.M.A.1988); *United States v. Siders,* 15 M.J. 272 (C.M.A.1983); *United States v. Wilson,* 26 C.M.R. 3, 6 (C.M.A.1958). A soldier convicted by a court-martial must receive adequate and appropriate representation throughout the entire appellate process. *United States v. Harris,* 30 M.J. 580, 582 (A.C.M.R.1990) (citing *United States v. De-Grocco,* 23 M.J. 146, 148 n. 4 (C.M.A.1987); *United States v. Palenius,* 2 M.J. 86 (C.M.A.1977), and *United States v. Davis,* 20 M.J. 1015 (A.C.M.R.1985)).

▇▇▇ In this case, the appellant believed that his defense counsel was going to submit clemency matters on his behalf to the convening authority. Evidently Mr. Cohen must have at least contemplated doing so since he requested a delay in submitting the matters under R.C.M. 1105. Mr. Cohen's secretary also indicated that he would submit such matters. Based on these facts, we find that there was not a knowing waiver by the appellant of his right to submit clemency matters under R.C.M. 1105. Accordingly, we hold that the failure of Mr. Cohen to submit clemency matters on behalf of the appellant to the convening authority was deficient.

It is difficult for this Court, or for anyone, to determine what may trigger in the mind of a convening authority the need to grant clemency in a particular case. In fact, the mere recitation of clemency matters already raised at trial and then highlighted in a post-trial submission may be beneficial to a convening authority in determining clemency. Accordingly, we find that the failure of Mr. Cohen to submit clemency matters to the convening authority on behalf of the appellant was not harmless and worked to the detriment of the appellant. Therefore, we hold that the two-prong test of *Strickland* and *Scott* was not met and the post-trial representation of the appellant by Mr. Cohen was inadequate.

We go one step further. This Court continually receives allegations of inadequate post-trial representation because there is a dispute between the appellant and his counsel on the right to submit and the submission of clemency matters to the convening authority. We are often asked to determine if there was a waiver of the right to submit such matters based on conflicting affidavits of the appellant and his counsel. Because of the importance attached to the clemency action that may be taken by the convening authority, we generally resolve these conflicts in favor of the appellant, absent a clear waiver by the appellant.

Unfortunately, the innocent parties, but the ones left "holding the bag" when we find inadequate representation, are the staff judge advocate and the convening authority. It is their recommendation and action that will be set aside and they will be required to "clean up the record of trial." The staff judge advocates rely on, and we are mindful of, the provisions for waiver in R.C.M. 1105(d). However, the practical matter in this issue is that appellants are able to show that they were not informed of their rights to submit clemency matters or did not participate in the decision to waive such right. Accordingly, it is strongly suggested that where a trial defense counsel claims that his client has waived his right to submit matters under R.C.M. 1105 and 1107, the prudent staff judge advocate not rely solely on the waiver provision, but require a written waiver signed by both the accused and his counsel.

It would be beneficial if this written waiver by the accused specifically acknowledged his right to submit matters, but that he was waiving this right after full discussion with his counsel. It is only then that this Court can be guaranteed that an accused fully participated in the decision to waive the submission of clemency matters. However, an accused should rarely waive the right to submit clemency matters to the convening authority because of the opportunity to highlight those matters prior to action on the adjudged sentence. "It is at the level of the convening authority that an accused has his best opportunity for relief...." *United States v. Boatner*, 43 C.M.R. 216 (C.M.A.1971).

The action of the convening authority, dated 11 October 1991, is set aside. The record of trial will be returned to The Judge Advocate General for return to the same or a different convening authority for a new recommendation and action.

Chief Judge GRAY and Judge WERNER concur.