UNITED STATES, Appellee

v.

Clarence G. LEWIS, Sergeant
U.S. Army, Appellant.

No. 94–0072.
CMR No. 9202103.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 8, 1994.

Decided April 7, 1995.

For Appellant: *Captain Blair Jacobs* (argued); *Colonel Stephen D. Smith, Lieutenant Colonel James H. Weise, Major Michael A. Egan, Captain Alison L. Becker* (on brief); *Lieutenant Colonel John T. Rucker* and *Captain Silas R. DeRoma.*

For Appellee: *Colonel John M. Smith* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel James L. Pohl, Major Kenneth T. Grant, Captain Louis E. Peraertz* (on brief); *Captain Robert W. Clark.*

*Amicus Curiae* on Specified Issue: *Lieutenant Colonel Wayne H. Price* (argued); *Colonel Richard W. Cairns, Major Thomas H. Dunn, Captain Paul H. Turney* (on brief); *Colonel Daniel J. Dell'Orto*—For United States Army Trial Defense Service.

*Opinion of the Court*

GIERKE, Judge:

1. A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of conspiracy to distribute cocaine and wrongfully distributing cocaine (2 specifications), in violation of Articles 81 and 112a, Uniform Code of Military Justice, 10 USC §§ 881 and 912a, respectively. The approved sentence provides for a bad-conduct discharge, confinement for 4 years and 6 months, total forfeitures, and reduction to the lowest enlisted grade.

2. Before the Court of Military Review,* appellant asserted "that he was not adequately represented by his detailed military trial defense counsel ... and individually selected civilian trial defense counsel." 38 MJ 501, 509 (1993). That court determined that affidavits submitted by appellant "establish[ed] a *prima facie* case of ineffectiveness as to nine specific allegations." 38 MJ at 510. Military and civilian counsel were ordered to file affidavits with the court addressing each allegation of ineffectiveness. They responded by filing a motion to stay and to quash, which the court treated as a motion to intervene. In their motion they argued that they should not be required to submit affidavits. The court below accepted the motion "as the functional equivalent of an affidavit" and resolved the issue against appellant without requiring defense counsel to submit affidavits. *Id.* at 511.

3. This Court granted review of the following issue:

WHETHER IN THE ABSENCE OF COMPETENT EVIDENCE TO THE CONTRARY, THE ARMY COURT OF MILITARY REVIEW ERRED BY NOT HOLDING THAT TRIAL DEFENSE COUNSEL WERE INEFFECTIVE AFTER DETERMINING THAT APPELLANT RAISED A *PRIMA FACIE* CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL AGAINST HIS TRIAL DEFENSE COUNSEL.

We also specified the following issue:

WHAT ARE THE OBLIGATIONS OF THE TRIAL DEFENSE COUNSEL WHEN THE ACCUSED CHALLENGES HIS REPRESENTATION AS INEFFECTIVE?

4. After consideration of the briefs and oral arguments of appellate counsel and *amicus curiae*, we hold that the Court of Military Review did not err. Concerning the specified issue, we hold that both military and civilian defense counsel properly discharged their duties in this case.

5. Appellant argues that he met the first prong of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), when the Army court held that he had

established a *prima facie* case of ineffective assistance of counsel. Final Brief at 3, 7. He argues further that for one of his nine allegations (*see* 38 MJ at 522)—conflict of interest (¶ 7)—prejudice is presumed and the presumption was unrebutted. Final Brief at 7 and n. 1. For his remaining eight allegations, appellant asserts that the Army court's factfinding was tainted by its erroneous treatment of defense counsel's motion as the functional equivalent of an affidavit. Final Brief at 7.

6. The Government argues that the Army court's use of the term "*prima facie* case" meant only that appellant's affidavits had raised a colorable claim of ineffective assistance that warranted further inquiry. Answer to Final Brief at 6. They argue further that failure of defense counsel to submit affidavits does not establish ineffectiveness of counsel, because a court could still find that appellant had not carried his burden of proof and overcome the presumption of competence. *Id.* at 10–11.

7. *Amicus curiae* focus their argument on the procedures set out by the Army court in *United States v. Burdine*, 29 MJ 834 (ACMR 1989), and apparently followed by the Army court in this case. *Amicus curiae* argue that *Burdine* is "legally incorrect, ethically questionable, ignores the presumption of competence," unnecessary, and should be overruled. *Amicus* Brief at 10.

8. The linchpin of appellant's argument is the Army court's determination that "appellant's affidavits contained sufficient information to establish a *prima facie* case of ineffectiveness as to nine specific allegations." 38 MJ at 509–10. He argues that an unrebutted *prima facie* case compels a finding of ineffectiveness. Final Brief at 7–8.

9. We reject appellant's argument for two reasons. First, it is clear from the Army court's opinion that they used the term "*prima facie* case" to mean only a colorable claim warranting further inquiry. Second, affidavits are not the only means of evaluating an assertion of ineffectiveness; in many cases review of the record itself is sufficient. *See United States v. McGillis*, 27 MJ 462,

---

* *See* 41 MJ 213, 229 n. * (1994).

463 (CMA 1988) (summary disposition) (some claims of ineffectiveness can be resolved from consideration of the record). In appellant's case the Army court relied heavily on matters contained within appellant's assertions and on its review of the record of trial.

10. The question remains whether the Army court erred by treating defense counsel's motion as the "functional equivalent" of an affidavit. We hold that it was error, but the error was not sufficient to taint the Army court's holding that appellant had not overcome the presumption of competence.

■ 11. Generally speaking, factual assertions in motions are not evidence. Counsel are ethically required to be candid with the courts when they make factual assertions. *See, e.g.,* Rule 3.3(a)(1), Candor Toward the Tribunal, Army Regulation 27–26, Rules of Professional Conduct for Lawyers ("A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal."). Filing a motion containing factual assertions, however, does not satisfy a duty to produce evidence. *Cf. Kelly v. United States,* 924 F.2d 355, 357 (1st Cir.1991) ("mere allegations" in brief opposing motion for summary judgment do not satisfy requirement to "produce evidence" establishing existence of a material issue); *Texas v. United States,* 802 F.Supp. 481, 482 (D.D.C.1992), *citing Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) ("summary judgment motion may not be opposed by 'the mere pleadings themselves' "); *Yaghnam v. United States,* 526 F.Supp. 554, 556 (D.Colo.1981) (party opposing summary judgment motion may not "rest" on allegations contained in pleadings). The mere attachment of a jurat does not make a pleading into an affidavit. *See Resolution Trust Corp. v. Juergens,* 965 F.2d 149, 152 (7th Cir.1992) (footnote omitted) ("Just as 'One swallow does not make a spring,' so the mere attachment of a jurat does not automatically make an affidavit."). Accordingly, we hold that the Court of Military Review erred by treating defense counsels' motion as the "functional equivalent" of an affidavit.

12. Turning to the motion itself, we observe that it primarily contains argument. Most of the factual assertions in the motion repeat evidence contained in the record of trial or in documents submitted by appellant. Accordingly, any error in treating the motion as an affidavit was harmless. Art. 59(a), UCMJ, 10 USC § 859(a).

13. We agree with the Army court's disposition of eight of appellant's nine specific allegations against his defense counsel, including his assertion of a conflict of interest. One allegation, however, requires further comment. Appellant asserts that Major Olgin refused to submit his handwritten clemency letter to the convening authority. The Army court accepted MAJ Olgin's explanation set out in both his motion and appellant's affidavit—that he did not submit the handwritten letter because he did not consider it "appropriate." 38 MJ at 519. Although the Army court erred by considering the motion as evidence, the error was harmless because the same evidence is included in an affidavit from appellant reciting that MAJ Olgin told him that his letter to the convening authority was "inappropriate." (Defense Appellate Exhibit C.)

14. Appellant attached a handwritten letter to his affidavit and asserts that it is the same letter which MAJ Olgin refused to submit to the convening authority. The letter asks for clemency for appellant's wife and daughter. It recites verbatim: "Theres no way possible she can survive with the amount of bills we have." The letter also asserts, "I know I have been used and I know the system wasn't fair. All I ask is that my family have a chance."

■ 15. MAJ Olgin's judgment about the inappropriateness of the letter may well have been correct, but counsel do not have the authority unilaterally to refuse to submit matters which the client desires to submit. Counsel's duty is to advise, but the final decision as to what, if anything, to submit rests with the accused. *See* RCM 1106(f)(1), Manual for Courts–Martial, United States, 1984 ("A separate copy [of the post-trial recommendation] will be served on the accused."); RCM 1105(a) and (d) (accused may

submit matters to convening authority or may waive right to submit matters); *United States v. MacCulloch,* 40 MJ 236, 239 (CMA 1994) ("If defense counsel thought some matters should not be submitted, he should have so advised appellant."); *United States v. Frueh,* 35 MJ 550, 552 and 553 (ACMR 1992) (Waiver should be signed by both accused and counsel because "[i]t is only then that this Court can be guaranteed that an accused fully participated in the decision to waive the submission of clemency matters."); *United States v. Shaw,* 30 MJ 1033 (AFCMR 1990) (decision to submit matters or waive submission "belongs to the accused, not counsel"). *Cf. United States v. Grostefon,* 12 MJ 431, 436 (CMA 1982) (Appellate defense counsel may not "ignore" issues urged by an accused "without the express consent of the accused, after proper advice."). Accordingly, we hold that MAJ Olgin's performance in this regard was deficient.

16. Nevertheless, we hold that appellant was not prejudiced. Appellant's blanket assertion of unfairness might have worked to his detriment. MAJ Olgin's submission made the same point in a more appropriate manner and was supported by a clemency letter from appellant's wife, an Army sergeant, reciting the financial distress placed on her and their 7–year–old child. Thus, appellant may have been helped, and undoubtedly was not harmed, by MAJ Olgin's refusal to submit the handwritten clemency letter.

17. We turn next to the question whether the actions taken by counsel for both sides during the appellate review of this case were proper. An appellant's assertion that his counsel were ineffective waives the attorney-client privilege "as to matters reasonably related to that" assertion. *United States v. Dupas,* 14 MJ 28, 30 (CMA 1982).

18. In *United States v. Burdine,* 29 MJ at 837, the Army court prescribed the following factfinding steps to be taken "whenever an appellant alleges ineffective assistance of trial defense counsel": First, appellate defense counsel must "ascertain from appellant, with as much specificity as possible, the exact manner in which trial defense counsel was

ineffective." Second, appellate defense counsel should encourage and assist appellant in reducing his assertions to affidavit form, after advising appellant that this is not required but would be beneficial. Third, appellate defense counsel "shall advise appellant that such allegations relieve his trial defense counsel of the latter's duty of confidentiality to the extent of the allegations." Fourth, "appellate government counsel will contact the trial defense counsel and secure in affidavit form the latter's response to appellant's allegations."

19. Appellant argues that his defense counsel should have been required to comply with the *Burdine* procedures. *Amicus curiae* argue that the *Burdine* procedures turn the presumption of competence of counsel on its head by requiring defense counsel to justify their actions by providing an explanatory affidavit before a judicial determination that appellant has produced sufficient evidence to overcome the presumption of competence. *Amicus curiae* ask this Court to repudiate *Burdine.*

20. The first question is whether the Court of Military Review had authority to compel the production of evidence. Contrary to the arguments of trial defense counsel in this case, we hold that it did. *See United States v. Dupas,* 14 MJ at 32 (compelling defense counsel to answer interrogatories from appellate defense counsel). If necessary, the court could have issued a subpoena to enforce its order. *See* Art. 47(a)(1), UCMJ, 10 USC § 847(a)(1) (persons not subject to UCMJ may be subpoenaed "to appear as a witness before a court-martial, military commission, court of inquiry, or *any other military court* or board" (emphasis added)). While the President has prescribed subpoena procedures only for courts-martial (see RCM 703), the absence of procedural rules does not deprive a court of its statutory authority to compel the production of evidence. When trial defense counsel are ordered to produce evidence, they may not ignore the order, but they may contest its validity or appropriateness, as they have done in this case. *See* Mil.R.Evid. 501(b), Manual, *supra* (claim of privilege raised by refusal to testify, disclose

information, or produce "any object or writing").

■ 21. The next question is whether it was proper for government appellate counsel to request affidavits from trial defense counsel. We have some misgivings about that procedure. *See United States v. Dupas,* 14 MJ at 33 (Cook J., concurring) (such procedure results in "scrambling of relationships"). In oral argument, government appellate counsel agreed with *amicus curiae* that it was wrong for government counsel to seek evidence against the client from defense counsel. Nevertheless, we cannot fault government appellate counsel in this case because they followed the procedures previously prescribed by the Army court in *United States v. Burdine, supra.* We hold that government appellate counsel did not act improperly in this case.

22. We are reluctant to mandate procedures for the Courts of Military Review (CMR) (now named the Courts of Criminal Appeals). *See, e.g., United States v. Loving,* 41 MJ 213, 290 ¶ 117 (1994) (declining to overturn CMR's decision not to hear case *en banc* ); *United States v. Felix,* 40 MJ 356, 358–59 (CMA 1994) (declining to disturb CMR's decision to reconsider case *en banc* ). Nevertheless, the Army court itself has expressed misgivings about the *Burdine* procedures. *See United States v. Crum,* 38 MJ 663, 666 n. 3 (ACMR 1993) (*Burdine* "no longer represents this court's perspective on the procedures to be utilized in establishing the ineffective assistance of trial defense counsel.").

■ 23. We agree with *amicus curiae* that application of the *Burdine* procedures in this case resulted in a premature request for affidavits from trial defense counsel. No harm was done, however, because trial defense counsel declined to provide affidavits.

■ 24. Because an allegation of ineffectiveness of counsel waives the attorney-client privilege as to matters reasonably related to that allegation, trial defense counsel may choose to voluntarily respond to the allegation. In our view, however, trial defense counsel should not be compelled to justify

their actions until a court of competent jurisdiction reviews the allegation of ineffectiveness and the government response, examines the record, and determines that the allegation and the record contain evidence which, if unrebutted, would overcome the presumption of competence. *See United States v. McGillis,* 27 MJ at 463. Only after the court has made such a determination should trial defense counsel be compelled to justify their actions. To the extent that *Burdine* requires a response from defense counsel without a judicial determination that such actions are necessary, we reject *Burdine.*

■ 25. We also reject the suggestion of trial defense counsel and *amicus curiae* that evidence on the issue of ineffectiveness of counsel may only be obtained at a factfinding hearing convened pursuant to *United States v. DuBay,* 17 USCMA 147, 37 CMR 411 (1967). A Court of Criminal Appeals has discretion (as a Court of Military Review did) to determine how additional evidence, when required, will be obtained, *e.g.,* by affidavits, interrogatories, or a factfinding hearing. *See United States v. Wean,* 37 MJ 286, 288 (CMA 1993) (Court of Military Review "should order an evidentiary hearing or order additional affidavits" to resolve issue of ineffective assistance of counsel (citations omitted)); *United States v. Dupas,* 14 MJ at 32 (defense counsel directed to answer interrogatories); *United States v. Perez,* 18 USCMA 24, 26, 39 CMR 24, 26 (1968) (hearing required to resolve conflicting affidavits if "the evidence before us does not so compellingly demonstrate an accuracy of recollection by one as opposed to the other ... as to justify determination of the issue on the basis of the affidavits").

The decision of the United States Army Court of Military Review is affirmed.

Judges COX, CRAWFORD, and WISS concur.

SULLIVAN, Chief Judge (concurring):

26. The question whether affidavits should be ordered from defense counsel with respect to an appellant's ineffective-assistance-of-counsel claim is now entrusted to

# Page 7

the Court of Criminal Appeals. I agree with this holding, provided that the decision of that court on this question is subject to legal review by this Court. *See* Art. 67, Uniform Code of Military Justice, 10 USC § 867.

27. I also agree that the decision to order a proceeding under *United States v. DuBay,* 17 USCMA 147, 37 CMR 411 (1967), after affidavits have been received is now entrusted to the Court of Criminal Appeals. Again, however, review of that decision properly resides in this Court. *See United States v. Dykes,* 38 MJ 270, 272 (CMA 1993) (Sullivan, C.J.)

28. Finally, I do not read the Opinion of the Court as creating carte blanche authority for the Courts of Criminal Appeals to excuse defense counsel from responding to these claims based on Article 31, UCMJ, 10 USC § 831. The court below said:

> In summary, we have authority to order trial defense counsel to file affidavits in response to post-trial allegations of ineffectiveness lodged against them in the course of an appeal. As the highest tribunal in the Army, we have a responsibility to ensure that the military criminal justice system functions in a manner that not only protects the rights of the accused but also operates efficiently. It is clear that we may compel trial judges and government

officials to comply with our orders when warranted. It would be anomalous if we could not also compel trial defense counsel to comply with reasonable rules of practice when necessary to resolve a material issue in a case. The requirement that trial defense counsel file a rebuttal affidavit where a colorable claim of ineffective assistance of counsel has been made is such a reasonable rule of practice. *We acknowledge that counsel may initially refuse to comply with an order from this court provided they have a sound reason for doing so and assert such reason to us as a basis for their refusal in an appropriate response to our order.* United States v. Ruiz, 23 USCMA 181, 48 CMR 797 (1974); *see Dupas,* 14 MJ at 31 n. 7; *United States v. Ingham,* 36 MJ 990 (ACMR 1993). *However, if their asserted basis for disobeying the order is not justifiable, they risk disciplinary action for their disobedience.* United States v. Smith, 4 MJ 210 (CMA 1978). In this case, the reasons asserted by the movants are insufficient to justify their refusal to comply with our order.

38 MJ 501, 514 (1993) (emphasis added). I agree. *See United States v. Lawson,* 40 MJ 475, 476 (CMA 1994) (Sullivan, C.J., concurring).