UNITED STATES, Appellee

v.

Dale A. GIBSON, Specialist
U.S. Army, Appellant.

No. 96–0545.
Crim.App. No. 9500375.

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 5, 1996.

Decided May 6, 1997.

For Appellant: *Captain Stephen P. Bell, Jr.* (argued); *Colonel John T. Phelps II, Lieutenant Colonel Michael L. Walters, Captain Norman R. Zamboni* and *Captain Michael E. Hatch* (on brief); *Lieutenant Colonel John T. Rucker* and *Captain Matthew A. Myers, Sr.*

For Appellee: *Captain Virginia G. Beakes* (argued); *Colonel John M. Smith* and *Lieutenant Colonel Eva M. Novak* (on brief); *Captain John W. O'Brien.*

*Opinion of the Court*

COX, Chief Judge:

Appellant was tried at Fort Lewis, Washington, by a special court-martial composed of officer members. Contrary to his pleas, he was convicted of making a false official statement and wearing an unauthorized military badge (the parachutist badge), in violation of Articles 107 and 134, Uniform Code of Military Justice, 10 USC §§ 907 and 934, respectively. He was sentenced to a bad-

conduct discharge and reduction to E–1. The convening authority approved the sentence. The Court of Criminal Appeals affirmed without opinion.

Appellant claims that he was denied effective assistance of counsel because trial defense counsel failed to offer certain service-record documents into evidence or call a personnel officer as an expert witness to testify regarding preparation of those documents. We disagree with appellant's contention.

 Appellant bears the burden of proving ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is presumed competent until proven otherwise. *Id.* at 689, 104 S.Ct. at 2065; *United States v. Jefferson*, 13 MJ 1 (CMA 1982). In order to prevail on a claim of ineffective assistance of counsel, appellant must present evidence that satisfies the two-prong test set out by the Supreme Court in *Strickland. See United States v. Ingham*, 42 MJ 218, 223 (1995); *United States v. Babbitt*, 26 MJ 157, 158 (CMA 1988); *United States v. Scott*, 24 MJ 186, 188 (CMA 1987). First, appellant must show that counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Second, appellant must demonstrate that this deficient performance resulted in prejudice. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Failure to meet both prongs of the test is fatal to appellant's claim. *Strickland, supra* at 687, 104 S.Ct. at 2064.

 Here, appellant has failed even to meet the first prong. There is no indication anywhere in the record how trial defense counsel's failure to introduce documents, that were cumulative to the evidence already adduced by the defense, resulted in "errors so serious that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." *Strickland, supra* at 687, 104 S.Ct. at 2064.

Additionally, the documents that appellant argues were vital to his defense were not original service documents. Rather, they were documents that had been reconstructed, based primarily on second-hand information provided by appellant to the personnel clerks who prepared the records. Thus, the documents would have added nothing to appellant's testimony during trial and, in fact, were based upon that exact same evidence. As to appellant's claim that an expert witness in service-record document preparation should have been called, use of an "expert" witness regarding this practice could have severely undercut appellant's claim of entitlement to the parachutist badge. Therefore, it is just as probable that counsel made a tactical decision not to introduce the service records rather than compound the evidence that appellant had falsely claimed entitlement to the parachutist badge.

Regardless, appellant has not met the first prong of the *Strickland* test requiring that he show counsel deficiency. Therefore, we need not address any claim of prejudice.

The decision of the United States Army Court of Criminal Appeals is affirmed.

Judges CRAWFORD, GIERKE, and EFFRON concur.

SULLIVAN, Judge (dissenting):

I respectfully dissent and write separately for two reasons. First, this is a case of the unauthorized wearing of paratroop wings, an elite military badge—an important case in any military justice system. In the American military, the medals and badges worn on the uniform present an image—a listing of military skills and achievements in the profession of arms. One look at these decorations may tell an experienced eye much about a warrior's past, and respect is therefore given accordingly. The awards and decorations on a military uniform are a *warrior's resume* in any military culture. Certainly, this is not a new concept in the American history of warfare. For example, the full-eagle-feather warbonnet of the Great Plains Indian was a collection of feathers won, one by one, for acts of bravery. An American Indian at war took a visual image of his past

bravery into battle with him. Thus, how the instant case is treated by this Court is important to America's warrior class and to their justice system.

The second reason I write separately deals with the proper application of law to the facts of this case. Appellant was charged, *inter alia*, with wearing an unauthorized parachutist badge, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. The prosecution's case rested on documentary evidence from the Airborne School that appellant was not a graduating member of Class 34–89, as he has claimed. The defense case rested on documentary evidence from appellant's National Guard unit that he was a graduate of the Basic Airborne Course and was authorized to wear the parachutist badge. Defense counsel best characterized this case as follows:

> Mr. President and members of the panel, as anticipated, this has basically come down to a war of documents—the government's documents versus the defense's documents. We submit to you that that in and of itself is sufficient to create reasonable doubt in your minds.

On appeal, appellant complains that trial defense counsel did not use all his ammunition in this war of documents. Appellate defense counsel state the following in their final brief:

> In the instant case, SPC [Specialist] Gibson's trial defense counsel failed to offer into evidence three pieces of highly exculpatory evidence. First, the trial defense counsel did not offer SPC Gibson's DD Form 2586, "Verification of Military Experience and Training."... The "Verification of Military Experience and Training" form states that SPC Gibson was qualified as a parachutist. The document is an official form, maintained in government files, that states SPC Gibson was authorized to wear a parachute badge. As such, the document's exculpatory value cannot be overstated.

> Second, SPC Gibson's trial defense counsel failed to call a military personnel expert to testify as to how entries are made on a DD 214 form, and that they are reliable sources of official information. [SPC] Gibson entered into evidence a DD 214 which indicated he had earned a parachute badge.... The expert testimony would have convinced the members that SPC Gibson's DD 214 was accurate, greatly enhancing the value of the exculpatory information contained in the DD 214.

> Finally, the trial defense counsel failed to introduce SPC Gibson's Jump Log.... The Jump Log is documentary evidence of SPC Gibson's actual completion of at least nine parachute jumps with his airborne unit at Fort Lewis. Actual participation in airborne exercises is arguably the most compelling evidence SPC Gibson could offer which would tend to prove that he was entitled to wear a parachute badge.

Final Brief at 2–3.

The majority's bald assertion that the now proffered documentary evidence was "cumulative to the evidence already adduced by the defense" (46 MJ at 78) does not resolve this appeal. In a battle of documents, the number of documents and their source of origin might be outcome determinative. Accordingly, I vote to follow normal procedure and to order trial defense counsel to produce an affidavit justifying his actions in this case. *See United States v. Lewis*, 42 MJ 1, 6 (1995).

Every case in our military justice system is important. This case is important enough to have the record completed by getting the defense counsel's affidavit so this Court can decide if these disputed documents would have made a difference in the trial of this case. Knowing the full truth before this Court acts should be common practice and not too much to ask.