CRAWFORD, Chief Judge
(dissenting):
I respectfully dissent from the majority’s unprecedented treatment of (1) the waiver of the investigation pursuant to Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832 (2000), and (2) the accused’s right to a mid-trial continuance, as well as from the majority’s (3) hasty and fundamentally unfair resolution of the ineffectiveness of counsel issue without first ordering a hearing pursuant to United States v. DuBay, 17 C.M.A. 147, 37 C.M.R. 411 (1967). I fear the unintended consequence of these actions will place this Court’s opinion outside the judicial mainstream and undermine public confidence in its decision-making.
The opinion fails to recognize that a majority of federal courts have indicated that counsel may waive a preliminary hearing and an indictment by a grand jury. See, e.g., New York v. Hill, 528 U.S. 110, 114, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000). These proceedings are similar to the military’s investigation under Article 32. Contrary to federal precedent, this is the first time in this Court’s history that the majority holds that waiver of the Article 32 investigation is a personal right of the accused. Moreover, the Court’s holding implies that Appellant has a right to a mid-trial continuance to negotiate a pretrial agreement after a three-day presentation of Government testimony.
The majority also resolves the allegation of ineffectiveness based on an unchallenged affidavit from Appellant, who over a number of months admittedly lied to both his civilian and military defense counsel about his involvement in the offenses, and only changed his mind mid-trial after the Government’s three-day presentation of evidence to the court members. The majority’s action is not only premature, but also fundamentally unfair to defense counsel. To resolve the ineffectiveness issue as to advice of counsel concerning a guilty plea and a pretrial agreement, I would order a DuBay hearing, rather than reverse at this level.
In United States v. Lewis, 42 M.J. 1 (C.A.A.F.1995), military and civilian defense counsel resisted the request for an affidavit. *454 This Court in Lewis chose to treat the pleadings as a motion for intervention, and rejected defense counsel’s assertion that the defense did not have to cooperate. In the instant case, civilian defense counsel, a member of our bar, did not furnish an affidavit as to the facts surrounding Appellant’s plea. As in Lewis, this Court may legitimately request that both counsels participate in a DuBay hearing to resolve the facts surrounding their advice on the guilty plea, testimony at trial, and a cap on any sentence. I feel it is inappropriate to hold that counsel is ineffective without giving them a chance to respond at a court-ordered DuBay hearing.