STUCKY, Judge,
with whom RYAN, Judge, joins (dissenting):
The majority holds that the United States Air Force Court of Criminal Appeals erred by failing to sua sponte order the trial defense counsel to submit an affidavit answering Appellee’s claims of ineffective assistance of counsel and remands to the lower court to reconsider in light of the defense counsel’s affidavit that was untimely filed by the Government. In my opinion, the Air Force Court had no duty to sua sponte order the affidavit, the Government faded to timely file trial defense counsel’s affidavit, and the majority extends this Court’s narrow holdings in United States v. Lewis, 42 M.J. 1 (C.A.A.F. 1995), and United States v. Grigoruk, 52 M.J. 312 (C.A.A.F.2000), beyond their original intent. Therefore, I dissent.
I.
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set out a two-pronged test to determine whether a conviction should be set aside due to ineffective assistance of counsel. Id. at 687, 104 S.Ct. 2052. First, Appellee must show that his counsel’s performance was deficient; second, he must show that the deficient performance prejudiced the defense. Id. He must identify specific acts or omissions by his attorney and then persuade the court that, based upon the facts as trial defense counsel knew them and eliminating the benefit of hindsight, those “acts or omissions were outside the wide range of professionally competent assistance.” Id. at 690, 104 S.Ct. 2052. Appellee must show by a reasonable probability — or, a “probability sufficient to undermine confidence in the outcome” — that, but for counsel’s errors, the result of the proceeding would have been different. Id. at 694,104 S.Ct. 2052.
Counsel is presumed to be competent until proven otherwise. Id. at 689,104 S.Ct. 2052; United States v. Gibson, 46 M.J. 77, 78 (C.A.A.F.1997). In United States v. Polk, 32 M.J. 150 (C.M.A.1991), this Court adopted a three-pronged test to determine if allegations of ineffective assistance had overcome the presumption of competence: (1) are the allegations true, and, if so, is there any reasonable explanation for counsel’s actions?; (2) if the allegations are true, did counsel’s performance fall measurably below expected standards?; and (3) is there a reasonable probability that, absent the errors, there would have been a different outcome? Id. at 153.
On this record, Appellee’s unrebutted factual allegations overcome the presumption of competence. Since the Air Force Court could have found ineffective assistance of counsel using the principles announced in United States v. Ginn, 47 M.J. 236 (C.A.A.F. 1997), I would affirm the Air Force Court’s decision.
In a post-trial affidavit, Appellee alleged a series of circumstances that, if true, amounted to unduly rigorous conditions violative of Article 13, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 813 (2000). Appellee alleges he informed his defense counsel of these conditions, but the defense counsel never inquired further and told Appellee that “‘there wasn’t anything that could be done about it.’” United States v. Melson, No. ACM 36523, 2007 CCA LEXIS 372, at *13, 2007 WL 2791708, at *4 (A.F.Ct.Crim.App. *352 Sept. 14, 2007) (unpublished). When the military judge asked if Appellee had been subjected to any illegal pretrial punishment, the defense counsel responded in the negative. Id. at *13, 2007 WL 2791708, at *4. Instead of rebutting Appellee’s affidavit with an affidavit from trial defense counsel, the Government simply argued that Appellee’s allegations were unsubstantiated, insufficient to constitute illegal pretrial confinement,[1] and incredible. Under these circumstances, the Air Force Court properly conducted its analysis under Ginn.
Ginn permits, under certain conditions, a court of criminal appeals to resolve an ineffective assistance of counsel claim without requiring an evidentiary hearing. Ginn, 47 M.J. at 248. For example, an evidentiary hearing is not necessary “if the affidavit is factually adequate on its face to state a claim of legal error and the Government either does not contest the relevant facts or offers an affidavit that expressly agrees with those facts, the court can proceed to decide the legal issue on the basis of the uncontroverted facts.” Id. I would follow the Air Force Court in accepting Appellee’s claims based on this principle. Though the Government technically responded to the facts in Appellee’s affidavit, it did so without any factual allegations of its own, electing merely to state that Appellee was not credible. The lower court correctly noted that Government counsel’s personal lack of trust in Appellee’s allegations is no basis for rejecting the claims without more. Melson, 2007 CCA LEXIS 372, at *17, 2007 WL 2791708, at *6. Indeed, the Government’s failure to counter the facts as alleged by Appellee renders those allegations into uncontroverted facts upon which the Air Force Court, and this Court, could adequately make an unlawful pretrial punishment determination.
Based on the record, and following applicable precedent, the Air Force Court correctly found that Appellee met his burden to present evidence supporting his claim of illegal pretrial punishment. Appellee did not, as the Government alleges, make eonclusory or merely speculative statements that he suffered intentional harassment, humiliation, and harm. Instead, he detailed the specifics of his ordeal. If those allegations of fact were insufficient, the Government’s decision to respond only with argument rather than with countervailing facts rendered Appellee’s rendition of the facts uncontroverted. While review of ineffective assistance of counsel claims is de novo, these allegations are to be treated as true unless the record demonstrates they are clearly erroneous. United States v. Paxton, 64 M.J. 484, 488 (C.A.A.F. 2007) (citing United States v. Davis, 60 M.J. 469, 473 (C.A.A.F.2005)). Nothing in the record suggests that Appellee’s statements are clearly erroneous. Thus, the Air Force Court correctly decided this case based on Appellee’s declaration by applying the holding in Ginn, 47 M.J. at 248.
II.
The majority of this Court also extends Lewis and Grigoruk far beyond their holdings and requires the lower court to sua sponte order an affidavit from trial defense counsel when the Government has neither requested such an order nor indicated that it would be necessary or helpful.
In Lewis, as the majority notes, Melson, 66 M.J. at 349 (C.A.A.F.2008), this Court recognized that claims of ineffective assistance of counsel waived the attorney-client privilege and, therefore, permitted the counsel to voluntarily respond to the allegation. But we refused to countenance a lower court’s order of an affidavit from the counsel “until a court of competent jurisdiction reviews the allegation of ineffectiveness and the government response, examines the record, and determines that the allegation and the record contain evidence which, if unrebutted, would overcome the presumption of competence.” Lewis, 42 M.J. at 6.
In Grigoruk, the Army Court of Criminal Appeals denied the appellant’s claim of ineffective assistance of counsel without the benefit of an affidavit from trial defense counsel. 52 M.J. at 315. This Court determined that *353 the appellant had met the threshold for ordering further inquiry — an affidavit from the trial defense counsel — so we remanded to the lower court to get an affidavit from the trial defense counsel. Id.
This case is neither Lewis nor Grigoruk. The majority stretches the Court’s opinions in those cases and asserts that the Air Force Court “did not subsequently provide the Government an opportunity to submit a statement or affidavit from Melson’s defense counsel to rebut the allegations.” Melson, 66 M.J. at 347.
Neither Lewis nor Grigoruk imposes a duty on a court to sua sponte order an affidavit when the government has neither sought a voluntary one from the trial defense counsel nor requested such an order from a court. Similarly, these cases do not require a Court of Criminal Appeals to reconsider its decision based on an affidavit submitted after the fact. They stand for a more subtle proposition: If a defense counsel declines to submit an affidavit to the appellate government counsel who is trying to rebut an ineffective assistance of counsel claim, the appellate government counsel may seek the affidavit via a court order. The court should not order the affidavit, however, unless it first determines that the appellant’s claims and the record, if unrebutted, would overcome the presumption of competence. This requirement is imposed because of our reluctance to intrude on the attorney-client relationship when it is unnecessary to resolve the case. See Lewis, 42 M. J. at 6.
Furthermore, contrary to the majority’s view, I conclude that the Air Force Court did not deny the Government the opportunity to seek or move the admission of the trial defense counsel’s affidavit. The Government had the opportunity to request an affidavit from the trial defense counsel without benefit of a court order — as it frequently does, and eventually did in this case — but it chose not to do so, or at least move its admission, until the Air Force Court ruled against it. There was no requirement or need for the Air Force Court to order the affidavit, and the majority gives the Government a windfall for not timely seeking and moving the admission of the affidavit. It places on the Courts of Criminal Appeals the burden of gathering evidence that rightly belongs on the Government, and rewards Government negligence. While I do not wish to unjustly stigmatize a trial defense counsel with the label “ineffective,” the Government failed to timely submit her affidavit. The Government’s request for reconsideration failed to satisfy the Air Force Court’s rules, which require:
(1) A material legal or factual matter was overlooked or misapplied in the decision;
(2) A change in the law occurred after the case was submitted and was overlooked or misapplied by the Court; or
(3) The decision conflicts with a decision of the Supreme Court of the United States, the United States Court of Appeals for the Armed Forces, another service Court of Criminal Appeals, or this Court.
(4) New information is received which raises a substantial issue as to the mental responsibility of the accused at the time of the offense or the accused’s mental capacity to stand trial.
United States Air Force Court of Criminal Appeals Rules of Practice and Procedure, Rule 19.1(b) (Sept. 1, 2000) (as amended through Mar. 5,2007).
The Air Force Court of Criminal Appeals correctly handled this case, and we should affirm its decision to grant additional confinement credit of 142 days.

. While Appellee alleged illegal pretrial confinement, the Air Force Court appropriately recognized the claim as one of illegal pretrial punishment.