UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, and CONN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist MERLYN D. SEELEY, JR.
 United States Army, Appellant

 ARMY 20070577

 Headquarters, Fort Stewart
 Donna M. Wright, Military Judge
 Colonel Margaret A. McDevitt, Staff Judge Advocate

For Appellant: Colonel Christopher J. O’Brien, JA; Lieutenant Colonel
Steven C. Henricks, JA; Major William M. Fischbach III, JA; Major Blair T.
O’Connor, JA (on brief); Major Bradley M. Voorhees, JA; Captain Adam K.
Mellor, JA (response to court order).

For Appellee: Colonel Denise R. Lind, JA; Lieutenant Colonel Mark H.
Sydenham, JA; Major Lisa L. Gumbs, JA; Major Teresa T. Phelps, JA (on
brief).

 30 April 2009

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------
Per Curiam:

 A general court-martial composed of officer and enlisted members
convicted appellant, contrary to his pleas, of desertion (two
specifications), in violation of Article 85, Uniform Code of Military
Justice [hereinafter UCMJ], 10 U.S.C. § 885. The panel sentenced appellant
to a dishonorable discharge, confinement for 1,202 days, forfeiture of all
pay and allowances, and reduction to Private E1. The convening authority
reduced the period of confinement to 1,172 days, but otherwise approved the
adjudged sentence. This case is before us for review under Article 66,
UCMJ.

 Although not raised as an assignment of error, appellant in a
statement submitted pursuant to U.S. v. Grostefon, 12 M.J. 431 (C.M.A.
1982), asserts the evidence was legally and factually insufficient to
support the findings of guilty. Appellant claims his conviction was due to
“the Governments [sic] negligence in keeping correct military records.”
This assertion is wholly without merit; there is ample evidence to support
the legal and factual sufficiency of the findings. See Article 66, UCMJ.
 In addition to those matters personally asserted by appellant,
appellate defense counsel aver the trial defense team was ineffective by
presenting a prejudicially deficient presentencing case. See Strickland v.
Washington, 466 U.S. 668 (1984). We find this allegation of error equally
without merit. Foremost, the allegation of ineffectiveness and the record
of trial do not contain evidence that overcomes trial defense counsel’s
presumption of competence. See United States v. Lewis, 42 M.J. 1 (1995).
In addition, appellant has not demonstrated that, but for the deficient
performance, the result of the proceeding would have been different. See
Strickland, 466 U.S. at 694.

 In arguing ineffective assistance of counsel, appellate defense
counsel assert several errors by trial defense counsel. The first cited,
and the one given most emphasis, is a claim that appellant was not
adequately prepared to make his unsworn statement. Appellant argues if he
was better prepared at trial, his unsworn statement would have been
“conciliatory, apologetic and expressive of a desire to be rehabilitated.”
That argument presumes appellant is conciliatory, apologetic and desires to
be rehabilitated, none of which is readily apparent in either the Grostefon
submission or in the written unsworn statement admitted as Defense Exhibit
AA. See United States v. Saintaude, 56 M.J. 888, 896 (A.C.C.A. 2002)
(insufficient evidence in the record of trial to support a claim of
ineffective assistance of counsel during the presentencing phase of trial).
 While it is the responsibility of counsel to prepare an accused for trial,
defense counsel are not accountable for everything an accused says or how
it is expressed.

 The remaining assertions of ineffective actions fall generally within
the category of trial strategy and are adequately addressed in the
affidavits filed by trial defense counsel in response to our order.

 On consideration of the entire record, including consideration of the
issues personally specified by the appellant, we hold the findings of
guilty and the sentence as approved by the convening authority correct in
law and fact. Accordingly, those findings of guilty and the sentence are
AFFIRMED.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court