# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant MARK TODD**
**United States Army, Appellant**

ARMY 20111160

Headquarters, U.S. Army Special Forces Command
Tara A. Osborn, Military Judge
Lieutenant Colonel Alison C. Martin, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Jacob D. Bashore, JA; Captain Aaron R. Inkenbrandt, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Catherine L. Brantley, JA (on brief).

17 May 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

KRAUSS, Judge:

A military judge sitting as a general court-martial, convicted appellant, pursuant to his pleas, of conspiracy to commit wrongful distribution of marijuana, wrongful possession of marijuana with the intent to distribute, larceny of weapons parts and other military property of a value more than $500.00, and unlawful possession of unregistered firearms in violation of 26 U.S.C. § 5861(d) in violation of Articles 81, 112a, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 912a, 921, 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, confinement for fifty-two months, and reduction to the grade of E-1.  Pursuant to a pretrial agreement the convening authority approved the dishonorable discharge, forty-two months confinement, and reduction to the grade of E-1.

TODD — ARMY 20111160

This case is before the court for review under Article 66, UCMJ. Appellant asserts that he was denied a full and fair opportunity to submit clemency matters to the convening authority due to the deficient performance of his trial counsel. He also raises a number of matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Though we agree that defense counsel was deficient, and despite the government's concession on the issue of clemency, we hold that appellant here fails to establish the prejudice necessary to warrant relief. We do agree with appellant that the unexplained and excessive post-trial delay associated with transmission of his case to this court does warrant relief.

Appellant offers sworn affidavits to establish the fact and content of the additional letters he asserts counsel failed to submit with the rest of his clemency matters. The government declines to invite the rigamarole of competing affidavits and concedes that a new review and action is best under the circumstances. For the purposes of this decision we will assume that trial defense counsel failed to file two of nine letters appellant desired to submit to the convening authority for his consideration on clemency. This failure constitutes deficient performance under the circumstances. *See United States v. Hood*, 47 M.J. 95, 97 (C.A.A.F. 1997); *United States v. Hicks*, 47 M.J. 90, 93 (C.A.A.F. 1997); *United States v. Lewis*, 42 M.J. 1, 4 (C.A.A.F. 1995). However, such deficiency does not warrant automatic return for a new review and action. Appellant must also show sufficient prejudice to his opportunity to obtain clemency to warrant that relief. *United States v. Lee*, 52 M.J. 51, 53 (C.A.A.F. 1999).

Defense counsel submitted seven letters for consideration by the convening authority in deciding whether to grant appellant clemency. One letter was from appellant himself. The remaining six letters were from appellant's family members. In general, the letters described appellant's qualities, his difficult upbringing, the family's support for appellant, and requests for clemency. The two letters counsel failed to submit also come from appellant's family members and, though they might offer more detail about appellant's family difficulties, each contain essentially the same message as the seven letters submitted. Appellant offered information similar to that contained in the letters, including his difficult upbringing, at trial and pursuant to a pretrial agreement enjoyed a ten month reduction in the sentence meted out by the court-martial. Though we acknowledge the impropriety of defense counsel's assumed failure, we do not find any "'reasonable probability' of more favorable action by the convening authority' absent [counsel's deficiency]" and do not find that appellant "'makes some colorable showing of possible prejudice.'" *United States v. Clemente*, 51 M.J. 547, 551-52 (Army Ct. Crim. App. 1999); *Lee*, 52 M.J. at 53 (citations omitted). Therefore a new review and action is unwarranted.

Turning to appellant's complaint over post-trial delay, we apply a presumption of unreasonable government delay in cases where the record of trial is not docketed at this court within thirty days of convening authority action. *United*

*States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). Here the government, without any explanation, took sixty days to docket this case with our court. Though we find no prejudice as a result of this excessive delay, the court must still review the appropriateness of the sentence in light of unjustified dilatory post-trial processing. UCMJ art. 66(c). *See generally United States v. Toohey*, 63 M.J. 353, 362–63 (C.A.A.F. 2006); *United States v. Moreno*, 63 M.J. 129, 143 (C.A.A.F. 2006); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Ney*, 68 M.J. 613, 616–17 (Army Ct. Crim. App. 2010). Reviewing the entire record of trial, and in light of the government's failure to provide any reason for the excessive time it took to docket the case with this court, along with the particular circumstances of this case, we find it appropriate to set aside one month of appellant's sentence to confinement.

## CONCLUSION

The findings of guilty are AFFIRMED. We have considered the entire record, including those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). After considering the entire record, the court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for 41 months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of her sentence set aside by the decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge YOB and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court